## Carey Overstreet v. State.

No. 1892. Decided October 23, 1912.

Rehearing denied November 13, 1912.

### 1.—Burglary—Confession—Warning—Words and Phrases.

Where the confession stated that defendant was advised by the county attorney that he did not have to make a statement, etc., and that said statement was made to the said Pat M. Neff, who was county attorney, the criticism that said written confession did not show on its face that it was made to the person who gave the warning, was untenable; and the criticism that the word, "advised," was used instead of the word, "warned," was hypocritical. Distinguishing Henzen v. State, 62 Texas Crim. Rep., 336.

### 2.—Same—Voluntary Confession.

Where, upon trial of burglary, the written confession of defendant was shown to have been made voluntarily and the court properly submitted this issue to the jury, there was no error.

### 3.—Same—Rule Stated.

When the written confession on its face shows a compliance with the statute and it is properly proven up, the defendant may attack its admissibility on the ground that it was obtained through fear or persuasion or a promise of immunity, and when the State contests the same, the question becomes an issue of fact to be submitted to the jury.

### 4.—Same—Evidence.

Upon trial of burglary, there was no error in permitting the officer to testify that when he arrested the defendant he took a six-shooter from him which had been stolen out of the burglarized house.

### 5.—Same—Evidence—Other Offenses.

Where, upon trial of burglary, the defendant claimed that he entered the said house with an innocent intention and thereafter formed the design to steal, there was no error in admitting testimony of another burglary to show the intent, and properly limiting said testimony.

### 6.—Same—Evidence—Practice in District Court.

Where the court promptly sustained an objection to a question by the prosecuting attorney which he asked in good faith, there was no reversible error. Following Morrow v. State, 56 Texas Crim. Rep., 519, and other cases.

### 7.—Same—Evidence—Opinion of Witness.

Where, upon trial of burglary, the owner of the alleged burglarized house testified as to how he thought the door was opened and the house entered, stating that he did not notice the condition of the door on his first examination, but noticed the same later, and the defendant objected to all of this testimony on the ground that it stated the opinion of the witness, there was no reversible error, although part of said testimony was probably a deduction which could be legitimately drawn from the facts.

**8.—Same—Argument of Counsel.**

Where the argument of State's counsel was in reply to the argument to appellant's counsel and no instruction was requested to withdraw same, there was no error.

**9.—Same—Limiting Testimony—Charge of Court—Other Offenses.**

Upon trial of burglary, there was no error in limiting the testimony as to other offenses to the question of credibility.

**10.—Same—Charge of Court—Defensive Theory.**

Where, upon trial of burglary, the defendant claimed that he entered the alleged house through an open door to get a drink of water, and afterwards formed the intent to steal, and the court properly presented this theory of defense, there was no reversible error.

**11.—Same—Definition of Offense.**

A person who forcibly enters a house and commits the crime of theft, does not have to remain there until night in order to constitute the offense of burglary.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of burglary; penalty two years' imprisonment in the penitentiary.

The opinion states the case.

*J. P. Alexander* and *J. D. Willis,* for appellant. On question of voluntary confession: Thomas v. State, 35 Texas Crim. Rep., 178; Cain v. State, 18 Texas, 387; Carter v. State, 37 Texas, 362; Speer v. State, 4 Texas Crim. Rep., 474.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of burglary.

On the trial of the case the State introduced the following confession of defendant:

"I, Carey Overstreet, being advised by the County Attorney that I was charged with burglary and that I did not have to make any statement about the matter unless I desired to do so and that any statement that I might make could be used against me in the trial of my case, willingly make to the said Pat M. Neff the following statement: Last Thursday, Aug. 24th, Ira Brazill and myself went into a house in the day time on north 13th & Barron Streets. We went in the back way and passed through two doors. One door was shut and the other was about half shut. We got 40 cts. out of the gas meter and about 13 cts. in a purse. We went in the house to get money as I had seen the woman in the house playing cards and saw money on the table. I had the pistol we got out of the house when I was arrested.

(Signed)    Carey Overstreet."

Witnesses: Pat M. Neff, Lee Huff.

A number of objections were urged to the admissibility of this confession, among them that it did not show on its face that it was made to the person who gave the warning. It will be noticed that the confession states he "was advised by the county attorney, and the confession was made to the said Pat M. Neff." Mr. Neff was county attorney, and the criticism is hypercritical, and the language when properly construed shows that the warning was given and confession made to the same person. Appellant also objected on the ground that the word "advised" was used instead of the word "warned." Any words which would show that appellant was informed of his rights and then voluntarily made the confession to the person who gave him such information would be in compliance with the statute. In Henzen v. State, 62 Texas Crim. Rep., 336, 137 S. W. Rep., 1141, this statute is construed, and that opinion was written after deliberate discussion of the provisions of the statute, and it was announced that all its provisions must be complied with and made to appear on the face of the instrument, but it was never intended to hold that the very *words* used in the statute must be used; any words which conveyed the meaning of the words in the statute would be a compliance with its terms. Another objection urged was that the confession was not freely and voluntarily made. On this issue the defendant introduced Deputy Sheriff Tilley, who testified that he arrested defendant and one Ira Brazill on a charge of burglarizing the house of Louis Katz (the offense for which he was prosecuted in this case), and other houses, and says that on the day he arrested them he told them that if they would tell him where to find the stolen goods he would try to get the county attorney to file only one case against them. That Ira Brazill told him where to find a portion of the stolen goods, but this defendant would tell him nothing. The defendant made no confession to Mr. Tilley, but two days thereafter he made the confession herein copied to Mr. Neff. Mr. Neff testifies he made the defendant no promise, but that the confession was entirely voluntary on defendant's part. Appellant testified that Mr. Tilley asked him about another case, and said if he (defendant) would own up he would see if he (Tilley) could get the county attorney to make it lighter on him. He admits he told Mr. Tilley nothing, but says he had this in mind when later talking to Mr. Neff, but admits Mr. Neff made him no promise of any character, but did tell him he would have to send him to the penitentiary this time. About the only difference between the confession as introduced and his testimony on this trial, in the confession he stated one of the doors was closed and he opened it and went into the house, while he testified on the trial that both doors were open. That he committed theft he does not deny, but if he went through an open door in the daytime of course it would not be burglary. On the issue of whether or not the confession was voluntarily made, the court instructed the jury:

"An alleged written confession purporting to have been made and signed by the defendant has been introduced in evidence before you, and as to the same, you are instructed that unless you believe from the evidence beyond a reasonable doubt that the defendant made the same and that he made it freely and voluntarily and without compulsion or persuasion or promises you will reject the same and not consider it for any purpose whatever."

This, we think, properly submitted the issue to the jury, and while the defendant has a bill of exceptions objecting to permitting the jury to hear the evidence as to whether or not this confession was voluntarily made, he insisting that it was a question for the court and not the jury to determine, we do not think the court erred in overruling the objection. Whether or not an instrument by its terms and on its face is admissible is a question of law, and should be determined by the court. But when the confession on its face shows a compliance with the statute and it is properly proven up, if defendant desires to attack its admissibility, and show that it was obtained through fear or persuasion, or by pomise of immunity, which issue the State contests, this would be an issue of fact, and the jury in this State is made the judges of the credibility of the witnesses and the weight to be given their testimony, and it was proper for this testimony to go to the jury, as it was their province to determine all issues of fact in the case. Whenever an issue ceases to be an issue of law, and becomes an issue of fact, it would be error for the court to take this issue from the jury and determine it himself. The court did not err in admitting the confession and permitting the jury to hear the evidence as to the circumstances connected therewith, nor in submitting the issue of whether or not it was voluntarily made to the jury.

The court did not err in permitting Mr. Tilley to testify that when he arrested the defendant he got a Smith & Wesson 32 six-shooter off of him. This positively was identified as one of the articles stolen out of the house of Mr. Katz at the time of the alleged burglary.

It appears that the house of F. L. Taylor was burglarized on the same day by the same parties. In cross-examining appellant the State was permitted to go to some extent into the details of that offense, which was objected to by defendant. As a general proposition of law details of another crime are not admissible, but in a case where the appellant contends he entered the house, as in this case, with an innocent intention to get a drink of water, and after getting in there he conceived the idea of theft and stole the property, then the details of contemporaneous offenses committed in the same manner become admissible as bearing on the intent, and in this case there was no error in admitting the testimony. The testimony on intent was sharply drawn in this case, the court, at the request of appellant, giving the following special charge: "You are instructed

that in order to constitute the offense of burglary, the intent to commit theft must exist at the time the house was entered, and if you believe from the evidence in this case that the defendant formed the intent to steal for the first time after entering the house of Louis Katz, then you will find the defendant not guilty." Penrice v. State, 105 S. W. Rep., 797; and in Branch's Crim. Law, sec. 338, the rule is correctly stated to be that when extraneous crimes or other transactions are res gestae or tend to show intent, when intent is an issue, they are admissible, citing many authorities.

When the court promptly sustains an objection to a question, and the facts show that the prosecuting attorney asked it in good faith, no error is presented unless the question is of that nature as to be extremely hurtful. Morrow v. State, 56 Texas Crim. Rep., 519; Huggins v. State, 60 Texas Crim. Rep., 214.

In another bill of exceptions it is shown that Mr. Katz was permitted to testify that the back door had a screen door to which was attached a spring that pulled the door shut when opened; that there was a scantling where the door fits up with a strip thereon to make the door fit snug and close. The witness also testified that inside the door had a latch, and the last time he saw it that day this hook or latch was fastened; that the strip had been prized away, and a person could easily have put a knife in there and raised the latch; that he figured whoever entered the house could probably have gotten in that way. The first objection is that as Mr. Katz did not notice that this strip had been prized loose when he first returned home, but did notice it later, the testimony was inadmissible as being too remote. There is no such lapse of time as would render it inadmissible on that ground. The fact that he did not at first notice it would go to its weight, and not to its admissibility. The other objection, that it called for the opinion of the witness, could have no relation to any portion of the testimony unless it be the concluding sentence, "that he figured whoever entered the house could have probably gotten in that way." This latter clause, if objected to properly, should have been excluded, but the objection went to the whole testimony, and certainly all the other facts stated above were admissible. However, as the defendant admitted in his confession and in his testimony on this trial that he entered the house by this door, a statement of the only legitimate deduction to be drawn from the facts testified to, under the evidence in this case, does not present reversible error. It added no strength to the State's case, or the witness' testimony. (Tinsley v. State, 52 Texas Crim. Rep., 91.)

Certain remarks of the county attorney were excepted to, but no charge in regard thereto was requested by defendant, and the court states the remarks were in reply to the argument of appellant's counsel. As thus presented no error is shown.

The court's charge that the jury should not consider the testimony as to other offenses for any purpose other than in passing on

the credibility of defendant as a witness, if they believed there was testimony showing or tending to show that defendant had been charged with other offenses, is not upon the weight of the testimony, and is in the form frequently approved by this court.

The court in his charge instructed the jury: "If you believe from the evidence that the defendant entered said house with the intention of getting a drink of water, or if you believe from the evidence that the doors to said house were open when he entered said house, if he did enter the same, or if you believe from the evidence that at the time the defendant entered said house if he did enter it he did not have the specific intent to commit the crime of theft or if you have a reasonable doubt thereof, then you will acquit the defendant and return a verdict of not guilty." This presented every phase of defense as made by the testimony offered in behalf of defendant, and the charge as a whole presents the case fully, and fully covers all the special charges requested by defendant which were refused insofar as they are the law of the case. A person who forcibly enters a house and commits the crime of theft, does not have to remain there until night in order to constitute the offense of burglary.

We have carefully reviewed every ground in the motion for a new trial, and none of them present error that should cause a reversal of the case.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 13, 1912.—Reporter.]