PUCKETT v. WILSON BROS. MERCAN-
TILE CO. (No. 2129.)

(Court of Civil Appeals of Texas.    Texarkana.
April 24, 1919.)

1. GAMING ⊕═>12 — "FUTURE CONTRACT" —
INTENT.

A contract for the purchase of cotton, not
intended by the parties to be settled by paying
or receiving a margin or profit, but contemplat-
ing an actual delivery and payment, was not
illegal as a future contract under Vernon's Ann.
Pen. Code 1916, arts. 538–547.

2. APPEAL AND ERROR ⊕═>719(8)—REVIEW—
FINDINGS—ABSENCE OF ATTACK.

Where the findings that the contract of
sale in suit was not an illegal future contract
are not attacked in any of the assignments,
they must be given effect, unless it can be said
the contrary so conclusively appears from the
face of the contract that the trial court should
have declared it illegal as a matter of law.

3. GAMING ⊕═>50(1)—SALE FOR FUTURE DE-
LIVERY—PRESUMPTION OF ILLEGALITY.

In an action for failure to deliver cotton,
the most the court had a right to say was that
the contract, because it was for delivery of
cotton in the future, was prima facie or pre-
sumptively illegal under Vernon's Ann. Pen.
Code 1916, arts. 538–547; plaintiff buyer having
the right to show it was in fact valid.

4. EVIDENCE ⊕═>129(5)—ACTION BY BUYER—
TESTIMONY AS TO DEALING IN FUTURES.

In suit by buyer of cotton for seller's fail-
ure to deliver, seller defending on ground con-
tract was illegal as a dealing in futures, tes-
timony that about the time the contract was
made the witnesses and the buyer made like
contracts, the witnesses being told that no de-
livery need be made, but only a money settle-
ment, was admissible.

Appeal from District Court, McLennan
County; H. M. Richey, Special Judge.

Suit by the Wilson Bros. Mercantile Com-
pany against W. M. Puckett. From judgment
for plaintiff, defendant appeals. Reversed,
and cause remanded.

The suit was by appellee against appel-
lant for damages for breach of a contract as
follows:

"State of Texas, County of McLennan. This
contract made and entered into this April 18,
1916, by and between Wilson Bros. Merc. Co.
of Mart, Texas, party of the first part, and
W. M. Puckett, party of the second part, wit-
nesseth: That W. M. Puckett has this day sold
to Wilson Bros. Merc. Co. 30 bales of cotton
at 11 cts. per pound, basis middling, weight of
bales to average 500 pounds (over or under
weight settled for at market value at time of
delivery), to be delivered to said Wilson Bros.
Merc. Co. on or before November 1, 1916, de-
livery to be made at Mart, Texas, all cotton
to be delivered at one time. It is further agreed
that if grades different from middling be ten-

dered the prevailing differences on and off
middling shall govern. No cotton commonly
known as 'half and half' cotton shall be ten-
derable on this contract, and no cotton staple
below one inch shall be acceptable. And it is
agreed if W. M. Puckett should fail to carry
out this contract, then he, W. M. Puckett, shall
be liable to Wilson Bros. Merc. Co. for such
difference as exists between 11 cts. basis middling
cotton and the price of middling cotton above
11 cts. on November 1, 1916, f. o. b. Mart,
Texas. And it is also agreed if Wilson Bros.
Merc. Co. should fail to carry out this contract
then they Wilson Bros. Merc. Co. shall be
liable to W. M. Puckett for such difference as
exists between 11 cts. basis middling cotton and
the price of middling cotton below 11 cts. on
November 1, 1916, f. o. b. Mart, Texas. Sign-
ed at Mart, Texas, April 18, 1916.    Wilson
Bros. Merc. Co., by Jno. E. Punchard. W. M.
Puckett."

In its petition appellee alleged, and at the
trial proved, that appellant failed to deliver
cotton to it as he had agreed to. Appellee
further alleged that by such refusal appel-
lant became liable and bound to pay it as
damages the difference between the contract
price of the cotton he should have delivered
to it and the market value thereof on No-
vember 1, 1916, which it alleged and proved
to be the sum of $1,020. By exceptions to
appellee's petition which the court overruled,
and averments in his answer, appellant at-
tacked the contract sued upon as illegal be-
cause a gambling contract in violation of the
laws of this state, in that the parties thereto,
it was charged, did not contemplate per-
formance thereof by an actual delivery of
the cotton, but instead intended same to be
discharged by the payment of the difference
between the contract price and the market
price of such cotton at Mart on November
1, 1916.

On special issues submitted to them, the
jury found: (1) It was the bona fide inten-
tion of the parties at the time they made
the contract that the cotton "should be ac-
tually delivered and paid for under said
contract." (2) It was not the intention of
either of the parties at that time that the con-
tract "should, or at the option of either of
them might, be settled by paying or receiving
money as the margin or profit thereon." On
said findings, and others he himself made,
the trial court rendered judgment in appel-
lee's favor for the sum it sued for, to wit,
$1,020, whereupon appellant prosecuted this
appeal.

Williams & Williams, of Waco, for appel-
lant.

Neff & Taylor, of Waco, for appellee.

WILLSON, C. J. (after stating the facts as
above). A contention presented by four of
the five assignments is that the undertaking
declared on was a gambling contract in vio-

lation of law. It is insisted that, because it was such a contract, the trial court erred when he overruled the exceptions to appellee's petition, and when he refused to instruct the jury to find in appellant's favor.

[1] The claim that the contract was illegal is predicated on the Act April 10, 1907 (General Laws, p. 172; Vernon's Penal Code, arts. 538 to 547). Provision is made in section 6 of said act for punishment of a person who "makes or offers to make for himself any future contract." In section 2 a "future contract" is defined as follows:

"1. A sale or purchase, or contract to sell, or any offer to sell or purchase, any cotton * * * to be delivered in the future, when it was not the bona fide intention of the party being prosecuted under this Act at the time that such sale, contract, purchase, or offer to sell or purchase, was made, that the thing mentioned in such transaction should be delivered and paid for as specified in such transaction. 2. Any such sale, purchase, offer or contract, where it was the intention of the party being prosecuted hereunder at the time of making such contract or offer, that the same should, or, at the option of either party, might be settled by paying or receiving a margin or profit on such contract."

It will be noted that whether the contract sued on was a "future contract" within the meaning of the statute, or not, depended on the intention of the parties at the time they made it. It was not such a contract if it was not their intention that it "should, or at the option" of either of them, "might be settled by paying or receiving a margin or profit" thereon, but, instead, was their intention that the cotton should be actually delivered and paid for as specified therein. It will also be noted that the jury found that neither of the parties intended at the time they made it that the contract "should or might be" so settled, but, on the contrary, intended that the cotton "should be actually delivered and paid for under said contract."

[2, 3] If effect should be given said findings, it is plain that appellant's contention should be overruled; for it would then appear that the contract was not an illegal one because a "future contract" within the meaning of the statute. The findings are not attacked in any of the assignments. Therefore they must be given effect, unless it should be said the contrary thereof so conclusively appeared from the face of the contract that the court should have declared it to be illegal as a matter of law. Should the court have done that? We think not. The most the court had a right to say was that the contract, because it was for delivery of cotton in the future, was prima facie illegal. If it was only prima facie (that is, presumptively) illegal, appellee had a right to show that it was in fact valid (that is, he had a right to rebut by proof to the contrary the presumption the law raised of illegality be-

cause of the fact that the cotton was bought for delivery in the future).

It may be there is a conflict between the conclusion we have reached and that reached by the Court of Civil Appeals of the Third District in Pate v. Wilson Bros. Merc. Co., 208 S. W. 235. In that case the contract in question was like the one here sued on. When the case was first before it, said court held that the contract was prima facie illegal, because it showed on its face that it was for future delivery of cotton, and because it showed on its face that it "might be settled at the option of either party by paying the profit or loss without delivering the cotton"; and further held, as we have here, that Wilson Bros. Mercantile Company had a right to rebut the presumption of illegality by proof to the contrary. The court reversed the judgment in favor of Wilson Bros. Mercantile Company, because said company had not by proof rebutted the presumption. So far there is no conflict between the holding in that case and the holding in this one. The conflict, if there is any, arises from the fact that the court on a rehearing, without withdrawing or in any way qualifying what they had said when the case was first before them, held the plaintiff's petition, which declared on the contract, to be subject to a general demurrer. If the conflict between the ruling in that case and the ruling in this one is a real one, we think the ruling in that one is erroneous in the light of the authorities. Vernon's Penal Code, arts. 539, 545, 546; 13 C. J. p. 783; 2 Elliott on Contracts, § 995 et seq.; 6 R. C. L. p. 783 et seq.; 12 R. C. L. p. 751 et seq.; Seeligcon v. Lewis, 65 Tex. 215, 57 Am. Rep. 593; Cleveland v. Heidenheimer, 44 S. W. 551; Heidenheimer v. Cleveland (Sup.) 17 S. W. 524; Wolffe v. Perryman, 93 Ala. 290, 9 South. 148.

[4] The remaining assignment challenges as erroneous the action of the trial court in refusing to permit appellant to prove by John Young and other named witnesses that, about the time appellant and appellee entered into the contract here sued on, they (respectively) and appellee entered into a contract like the one here in question, and at the time they (respectively) did so were told by appellee that they (respectively) "need not deliver the cotton, but could pay the difference according to the terms of the contract in money." The only controverted issue in the case, as we view it, was one as to the intent of the parties when they made the contract. In support of his contention that an actual delivery of the cotton was not intended we think the testimony excluded was admissible. Raby v. Frank, 12 Tex. Civ. App. 125, 34 S. W. 777; Davis v. Vories, 141 Mo. 234, 42 S. W. 707; 10 R. C. L. p. 938 et seq.

As we are not satisfied that the error in

excluding the testimony did not cause the rendition of an improper judgment in the case, the judgment will be reversed, and the cause will be remanded for a new trial.