McCaskey Register Company *v*. McCurry.

Opinion delivered April 21, 1930.

*V. D. Willis,* for appellant.

*Shouse & Rowland,* for appellee.

BUTLER, J. Appellee executed a note to appellant payable in installments for the purchase price of an article referred to in the exhibits and testimony as a "register" and again as a "filing cabinet." Appellee defended in an action to enforce the payment of the note on the ground of failure of consideration. From an adverse verdict appellant has appealed, and assigns as error the action of the trial court in refusing to exclude from the jury a part of the opening statement of appellee's counsel.

1. In the bill of exceptions appears the following: "Plaintiff's objection to the opening statement of counsel for the defendant. The plaintiff desires to object to the statement of counsel for the defendant which he has just made to the effect that the McCaskey Register Company is one of the crookedest concerns operating in this

section of the State, and his statement to the effect that a number of witnesses will swear that they have been crooked out of money by the said McCaskey Register Company, and ask the court to exclude such statements upon the ground that if the said witnesses were to swear to the statement it would be incompetent and irrelevant and immaterial to the issues involved in this case.'' The motion was overruled by the court, and the appellant saved his exceptions.

This court has been called upon in many cases to determine whether remarks of counsel were improper, many of which have been reversed and others sustained as properly within the privilege of counsel.

Because of the infinite variety of the alleged improper remarks complained of in the adjudicated cases, no hard and fast rule can be laid down on the subject. The control of the conduct of the trial is within the sound judicial discretion of the trial judges, and a wide range of discretion must necessarily be allowed them in dealing with the subject, for they can best determine at the time the effect of any improper conduct or the alleged unwarranted language of counsel. This discretion, of course, is not an arbitrary one, but a judicial discretion, the exercise of which is a matter of review.

In determining whether the conduct or language permitted to be indulged in is ground for reversal, the true test appears to be whether an undue advantage has been secured which has worked a prejudice to the losing party not warranted by the law and evidence of the case.

This subject has been considered from time to time by this court, and a number of cases in which these questions were raised may be found cited by the court in the case of *Kansas City Sou. Ry. Co.* v. *Murphy,* 74 Ark. 256-8, 85 S. W. 428.

In view of the lack of conflict in the evidence and its nature, we are unable to see how the statement complained of could have been prejudicial.

It will be noticed in the instant case that the language complained of is not set out in the bill of excep-

tions, but only appellant's conception of its purport and meaning, which is not sufficient to call for a review of the trial judge's holding, because he might have concluded the language used not susceptible of interpretation placed upon it by appellant's counsel.

2. Appellee contended that the register purchased was worthless because it could not be opened. A deposition of a witness was taken in which there was testimony that the witness had examined the register in question, and had found that it could not be used for any purpose because the drawers could not be withdrawn. This testimony was relevant and competent.

The appellant filed a general objection to the admissibility of the deposition, and assigns as error action of the court in permitting the deposition to be offered in evidence over his objection. In this the court did not err. As said in *St. L. I. M. & S. R. Co.* v. *Taylor*, 87 Ark. 334, 112 S. W. 745: ''If it be conceded that certain portions of it were hearsay and improper, the appellant did not object specifically to any parts of the evidence. Its motion to exclude was general, and, as the testimony was competent, and some portions at least were relevant to the issue, appellant's objection cannot avail.'' See also *St. L. I. M. & S. R. Co.* v. *Bryant*, 92 Ark. 425, 122 S. W. 996; *Clardy* v. *State*, 96 Ark. 57, 131 S. W. 46; *Martin* v. *Monger*, 112 Ark. 394, 166 S. W. 566.

3. In the deposition to which general objection was made the witness testified that he had examined other registers of the same make which had been purchased for use as that of appellee, and that neither of these could be used because of defects similar to that complained of by appellee. There was no objection made to the introduction of this testimony except the general objection to the entire deposition, so that there was no error on the part of the court in permitting this testimony to be read, besides, we think it was competent under the rule that other transactions may be testified to, if they are of the same nature and character, as tending to show a plan or gen-

eral conduct. *Meyers* v. *Martin*, 168 Ark. 1028, 272 S. W. 856, and cases therein cited.

4. The testimony in this case tends to show that the register or filing cabinet was purchased by appellee for use in his business; that it was purchased from a traveling salesman who exhibited a picture of the device, and the appellee purchased without having an opportunity of inspecting or trying out the article. When it reached him, he discovered that he could not open it and called in several to assist him. None were able to pull out the drawers, and the handles were broken in attempting to do so. Complaint was made to the seller, who promised to send some one to condition it, but this was never done. When the first installment fell due, appellee refused to pay, and this suit was brought to recover the face of the note. It provided that all of its installments should become due in default of the payment of any one of them.

It is well settled that where a chattel is sold to be used for a particular purpose, and vendee has not had the opportunity to inspect it, he must necessarily trust to the judgment and good faith of the vendor that the article purchased is reasonably fit for the purpose for which it is intended, and the law implies the warranty that it is of such character. In this case, if the register was for use in appellee's business and to aid him in keeping his accounts, and if it could not be opened, it was worthless for the only use to which any one could put it. This principle is announced in a number of our cases which are approved and cited in *Western Cabinet & Fixture Mfg. Co.* v. *Davis*, 131 Ark. 382, 181 S. W. 273; and in *Dike* v. *Magdalina*, 171 Ark. 225, 283 S. W. 374.

In the instant case the court charged the jury in accordance with the principles announced in the cases *supra*, and the verdict was in accord with the charge to the jury, and supported by the evidence. No error appearing, the judgment is therefore affirmed.