TOWLER et ux. v. STONE et al.

No. 1045.

Court of Civil Appeals of Texas. Waco.
April 2, 1931.

W. J. Oxford and B. E. Cook, both of Stephenville, for appellants.

Chandler & Keith, of Stephenville, for appellees.

ALEXANDER, J.

This was a suit by Mrs. Bessie Stone and husband against F. W. Towler and wife to recover actual and exemplary damages on account of an alleged assault having been committed by the defendant's wife on Mrs. Bessie Stone. The court submitted the case to a jury on special issues, and, on the answers of the jury, entered judgment for the plaintiffs for actual damages in the sum of $400. The defendants appeal.

There was evidence to show that the appellant F. W. Towler had erected a gate across a third-class road that ran through his farm. The gate had been left open on several occasions. On the occasion in question, the appellee Mrs. Bessie Stone drove through the gate and had started to drive away without closing it. Mrs. Towler, who was stationed near by, presented a double-barrel shotgun, and ordered Mrs. Stone to "shut the gate." Mrs. Stone testified that she had never before met Mrs. Towler, and that the act of drawing the gun on her made her so nervous that she was unable to shut the gate without the assistance of Mrs. Towler. She further testified that, as the result of the alleged assault, her nervous system was severely shocked and her health impaired for several weeks thereafter.

Appellants complain of the action of the court in permitting counsel for the appellees to elicit from Mrs. Towler and her daughter, on cross-examination, and from the witness Eades, evidence showing that shortly after the alleged assault Mrs. Towler had a similar encounter with Mr. Eades, who was attempting to pass through the gate without closing it, and that she committed an assault on him in the same manner. The appellees had alleged that the assault on Mrs. Stone was committed willfully and with malice, and sought to recover exemplary damages as a result thereof. Mrs. Towler had testified that on the occasion in question, she had been hunting for rabbits and squirrels and had her gun with her for that purpose, and that she had stopped under a tree near the gate merely to rest, and without any intention or premeditated design of injuring or harassing any one who attempted to leave the gate open. She denied presenting the gun in a threatening manner.

■ As a general rule, evidence of the commission of other crimes is not admissible as evidence of the commission of the crime in question. However, where malice or the intent with which an act is done is an issue,

other similar acts of the accused may be shown for the purpose of establishing motive, design, or intent, especially where such other acts are of a similar nature and so connected with the transaction under consideration, in point of time, and in the manner of committing same, as that they may all be regarded as a part of the same system. 5 C. J. 668; 2 R. C. L. 565, 566; Smith v. Roberts (Tex. Civ. App.) 218 S. W. 27; Dwyer v. Bassett, 1 Tex. Civ. App. 513, 21 S. W. 621; Raby v. Frank, 12 Tex. Civ. App. 125, 34 S. W. 777; Overstreet v. State, 68 Tex. Cr. R. 238, 150 S. W. 899, par. 5; Overstreet v. State, 67 Tex. Cr. R. 565, 150 S. W. 630, par. 5; Myers v. Martin, 168 Ark. 1028, 272 S. W. 856; McCaskey Register Co. v. McCurry, 181 Ark. 649, 26 S. W.(2d) 1108; Snow v. State, 106 Tex. Cr. R. 222, 291 S. W. 558, par. 5. The appellees were seeking to recover exemplary damages, and it was necessary for them to establish a malicious intent. Mrs. Towler had denied any intent to use the gun in a threatening manner. It was her contention that it was a mere coincidence that she happened to have her gun with her, and that she was near the gate when Mrs. Stone attempted to pass through it. On the other hand, it was the contention of appellee that Mrs. Towler had carried her gun with her and had concealed herself near the gate for the express purpose of compelling people, by force or threats, to close the gate. There is evidence that the assault on Eades occurred at the same place and in the same manner and for the same purpose and within thirty minutes after the alleged assault on Mrs. Stone. Eades testified that, when he went through the gate, Mrs. Towler was concealed behind some bushes, and that she immediately appeared and presented the gun in a threatening manner, and commanded him to "shut the gate." This evidence was admissible to establish a system on the part of Mrs. Towler. It was evidence of a willful intent on her part to use the gun in a threatening manner to enforce obedience to her commands. There was no error in admitting this testimony.

■ The appellants also complain of the action of the court in refusing their special requested issue, as follows: "Did the defendant, Mrs. Towler, at the time and place alleged in plaintiff's petition, believe she had the right to require said gate to be kept closed. Answer yes or no, just as you find."

The issue as submitted was a mere evidentiary issue, and it was not error for the court to refuse to submit the same.

We have examined all other assignments, and, finding no error, the judgment of the trial court is affirmed.