## WILL CRAVEN v. THE STATE.

No. 14725. Delivered January 13, 1932.

The opinion states the case.

*Denman & DeLoney* and *L. B. Fowler,* all of Nacogdoches, and *Dallas Ivey* and *Maurice Short,* both of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the theft of one head of cattle, being the property of Green Spell; penalty assessed at confinement in the penitentiary for two years.

The evidence coming from the state's witnesses is substantially as follows: Green Spell was a raiser of cattle and had for many years been so engaged in Angelina county. He owned a number of cattle. His

brand was a figure "four" with a bar over it. He had cattle running in the vicinity of what was described as the Gibson and Blake places. Among them was a red two-year old heifer. It is claimed that the heifer was stolen in August, 1927. Spell had inspected his cattle about once a year and had seen this heifer in February immediately preceding the date of the alleged theft. The witness Harvey resided in the neighborhood of the Gibson place. The appellant had boarded with Harvey.

The testimony of Harvey was in substance as follows: Craven was engaged in butchering and selling cattle. Harvey had been employed by Craven to assist in butchering cattle. Together they killed a two-year old heifer which had been running on the range, and Craven carried it away in his truck. Craven took the hide of the animal, spread it on the ground, pinning it down with stobs. He later rolled up the .hide and carried it to a thicket where it was deposited. Harvey related these alleged facts to the officers who accompanied him and found the hide, which was subsequently examined by Spell and other witnesses.

Harvey's wife testified that Craven, while boarding at their house, butchered cattle and carried them away after dark and before daylight; that he did this a number of times. Officers found the hide at the place where the appellant had put it. This the witness heard Craven tell Harvey. The witness knew about the killing of the animal, and from her testimony it is apparent that she was aware that the conduct of Craven and Harvey was illicit. She saw the animal butchered by Craven and Harvey and knew that Harvey was to be paid by Craven for his services. She also knew the brand on the animal. Harvey had been previously convicted of a felony.

Spell and a number of other witnesses examined the hide which was found by the officers upon the information of Harvey. There was no mark upon it. There was some testimony that the head had been cut off. It was shown that it was in the brand used by Spell. It was in evidence from Spell and others that animals of the same brand had been sold by Spell and his brother, and that they were running the range.

It is contended that the evidence was circumstantial, and that in refusing to instruct the jury to that effect there was error committed upon the trial. It is thought that proof of the identity and ownership of the animal is wholly circumstantial. By inference from proven facts it was shown to have been the property of Spell. There were other cattle besides his in the same or upon practically the same range. Spell had not seen the animal alleged to have been stolen for months before the time of the alleged theft. He was not aware of its loss until the hide was found, and it is by inference alone, from the failure to see the animal on the accustomed range, that the heifer belonging to Spell was missed.

The conduct of the appellant in killing the animal as described by

Harvey, was such as would justify the inference that it did not belong to the appellant, but there is found in Harvely's testimony no direct statement to that effect. It was shown that appellant owned cattle which were on he range as those ·belonging to Spell.

Harvey was an accomplice and complaint is made here because of the failure to instruct the jury upon the accomplice testimony. The bill of exception in which the complaint is brought forward for review, however, is qualified by the trial judge with the statement that the appellant did not at the time of the trial except to the omission of, or make a request for, an instruction upon accomplice testimony. The explanation of the bill makes evident that the omission of the charge on accomplice testimony is not available as a complaint upon this appeal. The statute, article 658, C. C. P., demands that as a predicate for review of the failure to give an instruction to the jury that the matter be brought before the trial court by written objection or exception before the charge is read to the jury. See articles 658 and 659, C. C. P. If properly presented, there should have been an instruction upon accomplice testimony both as to Harvey and his wife. Harvey was a confessed accomplice. As to Mrs. Harvey being an accomplice, this was a question of fact for the jury.

Witnesses were introduced by the appellant to impeach the witnesses Harvey and his wife by showing that they bore in the community in which they lived a bad general reputation for truth and veracity. From the bill of exception it is made to appear that while one of such character witnesses was under cross-examination by state's counsel the following took place:

"Q. Do you know Will Craven pretty well?

"A. Yes.

"Q. Do you know his general reputation where he lived and was best known for truth and veracity?"

It appears from the bill that the question of the reputation of Craven for truth and veracity was not an issue, he not having offered himself as a witness upon the trial. The objection was sustained by the court, but it is contended that in asking the question the rights of the accused were prejudiced for the reason that he was put in a position where he must consent to the answer to the question or make objection thereto in the presence of the jury, either of which would prejudice him in the minds of the jury. The impropriety of the question does not seem debatable. Appellant cites the case of Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029, in which a similar question was before the court, and the following remark made: "Ordinarily when the court promptly sustains an objection to a question, and the facts indicate that it was asked in good faith, no error is presented unless the question is of such nature as to be extremely hurtful. Overstreet v. State, 68 Texas Crim. Rep.,

238, 150 S. W., 899, and cases therein cited." See also Harrison v. State, 102 Texas Crim. Rep., 385, 278 S. W., 430.

Other questions of a similar nature propounded to witnesses are referred to in bills of exception. A discussion of them, however, is not deemed necessary further than to say that such procedure should not be followed upon another trial.

In view of another trial, it is to be observed that the sufficiency of the corroboration of the witnesses Harvey and wife is not free from doubt. A further discussion of the question is not deemed necessary to the disposition of the appeal. As it may be strengthened upon another trial, a more specific declaration with reference to its sufficiency is not deemed desirable.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*