## Reuben Curtis v. The State.

### No. 2811.   Decided June 8, 1904.

**1.—Indictment—Perjury—Information and Complaint.**

A motion to quash an indictment for perjury. because it alleged appellant was tried on an information presented in the county court, and that it should have alleged that he was tried on an information and complaint, was properly overruled, as it will be presumed that the information was properly based on complaint.

**2.—Same—Character of Game Unnecessary.**

In an indictment for perjury, it is unnecessary to allege the character of the game played, as the law inhibits all playing with cards, except at a private residence.

**3.—Evidence—Proceedings Upon Which Case Is Based.**

Where the parol evidence sufficiently shows that the trial in the county court was on a charge against defendant for playing at a game with cards, and that the issue was joined between the State and defendant on that charge, it is not necessary in identifying the county court proceedings, in the trial· for perjury, to introduce the information and complaint upon which the case in the county court was tried.

**4.—Same—Variance.**

Where nearly all the witnesses testify that the place where the game was alleged to have been played was at a certain point west of. the town of W., there was no variance of proof as to such place.

**5.—Same—Moral Turpitude of Witness.**

The statute with reference to perjury requiring that a conviction for perjury can alone stand upon the testimony of two credible witnesses, the appellant should have been permitted to show that one of the two witnesses against him on a charge of perjury had been previously convicted of aggravated assault for whipping his wife and had been working the roads as a county convict under such conviction.

Appeal from the District Court of Parker.   Tried below before Hon. J. W. Patterson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The following statement taken from appellant's brief is substantially correct:   Appellant was tried in the County Court of Parker County at the December term, 1903, upon an information and complaint charging him with unlawfully gaming, to wit, unlawfully playing at a game with cards, on the 26th day of November, 1903.   At the trial in the county court the·defendant took the stand in his own behalf and testified that he did not play a game of cards, nor did he see a game of cards played on the 26th day of November, 1903, as alleged in the information and complaint.   One Tom Hullum, ·a negro, who was passing by, claims that he saw appellant and several other negroes playing cards on the alleged date, and so testified both in the county court trial and in the trial of appellant in the district court wherein he was charged with perjury.   Appellant was indicted for perjury growing out of his testimony in the county court case.

*Preston Martin.*, for appellant.—We contend for appellant that he did not have a fair and legal trial.   First, the indictment was defective

and the court erred in overruling defendant's motion to quash; second, the evidence was insufficient to support the verdict of the jury, and insufficient to convict under an indictment charging perjury.

The court erred in not allowing appellant to go into the character, reputation and habits of the State's witness Tom Hullum. We contend that we had a right to ask this witness the question if he had not committed an aggravated assault upon his own wife; that during the past two years he had whipped and beaten his wife unmercifully while living with her in Weatherford, and that he had been fined in the courts for cruelty to his wife, for assaults upon her, and that he had been a county convict and worked out fines on the public roads of the county for wife beating. Chambless v. State, 24 S. W. Rep., 899; Corrall v. State, Id., 100.

The allegations in the indictment that appellant swore falsely in the county court, the same being in a certain criminal judicial proceeding, were not sustained nor proven by any evidence offered upon the trial of this cause. The State failed to prove by any of its witnesses that the county court case wherein it was alleged appellant swore falsely was a judicial proceeding, and it was error for the State to fail and refuse to introduce the complaint, as well as the information against appellant in the county court, to establish and sustain the allegation in the indictment that the offense of perjury against appellant was committed in a judicial proceeding, and that the county court case was a judicial proceeding. Wilson v. State, 27 Texas Crim. App., 47; Garrett v. State, 37 Texas Crim. Rep., 198; Johnson v. State, 49 S. W. Rep., 618.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

Appellant made a motion to quash the indictment on various grounds, among others, that the indictment alleged appellant was tried on an information presented in the county court, and it should have alleged he was tried on an information and complaint. We do not understand that it is necessary to allege the complaint. Of course, information must be based on a complaint, but the trial is on the information, and in the absence of some showing it will be presumed that the information was properly based on complaint. Nor was it necessary to allege the character of the game played. The law inhibits all gaming with cards, no matter whether money or anything of value is bet or not, except where the game is played at a private residence. The indictment alleges that it was not played at a private residence. We do not deem it necessary to discuss other matters set out in the motion to quash. The court properly overruled the same.

Vol. 46 Crim.—31.

Appellant insists that the record fails to show that there was a proper legal trial in the county court, because no information or complaint was introduced in evidence. An inspection of the record shows that while the information and complaint were both in the hands of the witness Judge Alexander, and identified by him as tne complaint and information, still these were not formally introduced in evidence. But we think the parol proof here sufficiently shows that the trial in the county court was on a charge against defendant Reuben Curtis, for playing at a game with cards, and that issue was joined between the State and defendant on that charge. While the whole judgment was not introduced, we think sufficient of the same was introduced to identify the case on trial in connection with the parol evidence of the witnesses. We do not think the evidence presented any variance between the testimony of the witnesses and the place where said game was alleged to have been played, in order to have required a special charge on that subject. Nearly all of the witnesses say it was at a point west of Weatherford. One witness says it was northwest.

Appellant also complains that the court erred in not permitting him to prove by the witness Tom Hullum, on cross-examination, that he had separated from his wife, and that he had been convicted for whipping his wife, and had been with the county convicts on the county road working out a fine assessed against him for beating and making an assault on his wife. The State objected to this testimony, on the ground that it was immaterial and inadmissible; that the conviction was not of a felony, or of an offense involving moral turpitude, and accordingly could not be used to discredit the witness. On the other hand appellant contends that the indictment for perjury could only be sustained on the testimony of two credible witnesses, ana that the jury were entitled to every fact and circumstance which might tend to show that the witnesses were not credible. He further contends that it is competent to ask a witness on cross-examination if he has not been in jail, has not been a county convict; and he further insists that while all misdemeanors may not involve moral turpitude, yet that an aggravated assault which shows that one had been convicted of whipping his wife does involve a degree of moral turpitude which would suggest that a prosecution of perjury could not be maintained on the evidence of such witness. There are a number of cases which hold that a conviction of simple assault does not involve moral turpitude; but we are not advised of any case which holds that a conviction for aggravated assault does not involve moral turpitude. The text-books seem to hold that on cross-examination a witness can be asked if he has ever been in jail charged with crime, regardless of the nature of the accusation. Good v. State, 32 Texas Crim. Rep., 505, and authorities there cited. And generally on cross-examination a witness can be asked his occupation, or his vocation, as that he is a gambler and follows that occupation for a living; or that the witness

keeps a house of prostitution. This is upon the sound principle that it is not presumed a witness who follows some disreputable vocation or calling for a living is as capable of telling the truth as one who pursues some legitimate or honorable vocation. McCray v. State, 44 S. W. Rep., 170, and authorities there cited. An aggravated assault involves as a part of the punishment confinement in the county jail for two years as a maximum punishment; and we think it may be conceded that one who has been found guilty of whipping his wife well merits the severest punishment. If such offense does not directly involve moral turpitude, it is certainly very close akin to it. At any rate, our statute with reference to perjury requires that the conviction can alone stand upon the testimony of two credible witnesses. Here the conviction was based upon the testimony of this witness Tom Hullum and one other, who was shown to be a professional gambler, and confessed to stealing cards in this particular game. We believe that in this character of case the fullest latitude should be permitted appellant in order to show that the witnesses against him were not credible; and that on the cross-examination of this witness he ought to have been permitted to prove he had been in jail; had been working on the roads of the county as a convict, under a conviction for an aggravated assault in whipping his wife. Because the court refused to admit this testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*