Conception Gonzales v. The State.

No. 3716.  Decided June 27, 1908.

1.—Perjury—Indictment.

See opinion for indictment for perjury held to be sufficient.

2.—Same—Sufficiency of Evidence.

See opinion for evidence held sufficient to support a conviction for perjury.

3.—Same—Impeachment of Witness—Credibility of Witness.

On trial for perjury where a State's witness denied on cross-examination that he was living in adultery, there was no error not to permit defendant to introduce facts and circumstances of a tendency to show that said witness was living in adultery, and thus enter into the trial of the witness whether he was guilty of that offense. Following Ware v. State, 36 Texas Crim. Rep., 597.

Appeal from the District Court of Brewster.  Tried below before the Hon. B. C. Thomas.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sanford & Douglas,* for appellant.—On question of insufficiency of indictment: Gabrielsky v. State, 13 Texas Crim. App., 428; Turner v. State, 30 Texas Crim. App., 691. On question of credibility of witness: Curtis v. State, 46 Texas Crim. Rep., 480.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury. Motion in arrest of judgment was made because of the alleged insufficiency of the indictment. In substance the indictment alleges that the grand jury investigated gambling transactions that occurred at appellant's residence, which residence was a common resort for gaming, and that appellant testified before the grand jury that no games had been played at his house within his knowledge. Then follows the usual traverse to the effect that games had been played at such residence between certain named parties. Without going into a critical review of the indictment and its allegations, under the authorities, we are of opinion that the crime of perjury is sufficiently alleged.

Contention is made that the evidence does not support the conviction. We are of opinion this contention is not well taken. Several witnesses testified to seeing gambling carried on in appellant's house; that his residence was used as a common resort for gaming purposes and quite a number of names of people given who met and played at said residence, and that appellant not only knew and permitted it but sold chips and took pay for games that were so played and within the time specified in the indictment.

Ramirez, a State's witness, was asked on cross-examination if he was living in adultery with one Maria Cobos, an unmarried female. This he answered in the negative. Appellant then introduced Villegas and offered to prove by him facts and circumstances of a tendency to show that the witness Ramirez was living in adultery with the woman Cobos. On objection by the district attorney this testimony was rejected. Appellant contends this is error and cites in support of his contention Curtis v. State, 46 Texas Crim. Rep., 480. We are of opinion this case is not in point and does not support appellant's contention. Without discussing the question as to how far a witness may be impeached by showing evidence of adultery, or prostitution, we are of opinion that as this bill discloses this matter, the court was not in error in rejecting the testimony. To permit the examination of witnesses as sought in this particular instance would place the trial of the

· case before the jury in the attitude of trying violations of the law on the part of the witness. To have permitted the testimony sought to be introduced, the same exactness of proof would have been required to impeach as would have been necessary to have convicted Ramirez had he been on trial for adultery. The testimony offered was circumstances quite numerous from which the jury might or might not infer the witness was living in adultery with the woman mentioned. As we understand the rule in regard to impeachment, this manner of examining would not be permitted. In fact, it would not be permissible to go aside from the main case and enter into a trial of extraneous crimes of which a party may or may not be guilty as if the party were on trial himself for the extraneous offense. This is carrying the rule in regard to impeachment too far and would render the trial of the main case interminable in length and divert the issues of the case on trial to those matters involved in the trial of the witness on some supposed criminal offense. Ware v. State, 36 Texas Crim. Rep., 597.

We are of the opinion that the court was correct and the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.

[Motion for rehearing overruled without written opinion, October 21, 1908.—Reporter.]