MILTON BUCKHANNAN v. THE STATE.

No. 7681.   Decided April 25, 1923.

Rehearing Denied June 20, 1923.

1.—Conspiracy to Commit Felony—Indictment—Permit.

The contention that the indictment was insufficient for not alleging that defendant and his consiprators did not have a legal permit authorizing them to manufacure intoxicating liquor is untenable, and without merit. Following Burciago v. State, 88 Texas Crim. Rep., 576.

2.—Same—Indictment—Statutes Construed.

The contention that the indictment charged no offense because at the time of the enactment of the statute making it a conspiracy to commit a felony punishable by law there was no such felony in this State as the unlawful manufacture of intoxicating liquor, is untenable as the conspiracy statute includes future enactments.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of conspiracy to commit a felony, to-wit, the unlawful manufacture of intoxicating liquor, the evidence is sufficient to sustain the conviction, there is no reversible error.

4.—Same—Rehearing—Indictment—Negative Averment.

It is not necessary in alleging a conspiracy to commit an offense, to allege the offense intended with even the fulness or particularity necessary in an indictment charging only the commission of the offense, thus said to be in contemplation, there is no error in overruling the motion to quash.

Appeal from the District Court of Morris.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of conspiracy to commit a felony; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Henderson & Bolin,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Morris County of a conspiracy to commit a felony, and his punishment fixed at two years in the penitentiary.

There is but one bill of exceptions in the record which contends that the indictment was insufficient for not alleging that appellant and his co-conspirators did not have a legal permit authorizing them to manufacture intoxicating liquor. We deem the contention without merit, and have held that if one manufactures intoxicating liquor for one of the excepted purposes, the fact that he has no permit does not penalize him. Burciago v. State, 88 Texas Crim. Rep. 576; White v. State, 93 Texas Crim. Rep. 332, 247 S. W. Rep. 557. Nor do we think it a sound proposition that the indictment charged no offense because at the time of the enactment of the statute making it a conspiracy to commit a felony, punishable by law, there was no such felony offense in this State as the unlawful manufacture of intoxicating liquor. In our opinion it was the intention of the Legislature in the enactment of the conspiracy statute to include within its prohibition a conspiracy to commit any felony which might thereafter be made such by the legislature.

There seems no question of the purpose of appellant to unlawfully manufacture intoxicating liquor. The State's case shows beyond question that he and others were engaged in preparation for such manufacture, carried to the point of putting in place and getting ready the instruments and machinery for same. Appellant testified admitting his own preparation for such manufacture and purpose so to engage, but denying participation therein by an other person. The evidence offered on behalf of the State justified the conclusion of the jury that other persons were so engaged with him in such preparation and their further conclusion of a conspiracy to perform the act made a felony by the statute.

Finding no error in the record, the judgment will be affrmed.

*Affirmed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, Judge.—In his motion for rehearing appellant insists that the indictment is fundamentally erroneous in that it failed

to charge that the purpose of appellant and his alleged co-conspirators in the unlawful manufacture of liquor was not within one of the exceptions contained in the Dean law. In other words, while it is admitted that it is not necessary for an indictment charging directly the unlawful manufacture of intoxicating liquor, under the present statutes, to allege that same was not for sacramental, scientific, medicinal or mechanical purposes,—still it is insisted, in alleging a conspiracy to commit such felony, the indictment should negative the exceptions contained in the statute. Our examination of the authorities does not lead us to accept the appellant's conclusion in this regard. All of the authorities in this State seem to hold that it is not necessary in alleging a conspiracy to commit an offense, to allege the offense intended with even the fullness or particularity necessary in an indictment charging only the commission of the offense thus said to be in contemplation. This rule will be found announced in the early case of Brown v. State, 2 Texas Crim. App. 115, and seems to have been followed in the few cases charging this offense. This being the only question raised on appeal, and not being able to agree to the position of appellant, the motion will be overruled.

*Overruled.*