## Ott Stewart v. The State.

### No. 9001.   Delivered May 6, 1925.

**1.—Sale of Intoxicating Liquor—Evidence—Of Other Offense—Error.**

Where on a trial for a sale of intoxicating liquor, and the evidence for the State disclosed that the alleged sale occurred on March 20th it was error to permit the State to prove by an officer that on March 21st he found on defendant's premises a still and five gallons of whisky, such proof not being calculated to throw any light on whether defendant was at home on March 20th and sold whisky on that day.

**2.—Same—Rules of Procedure—Gross Violation Of—Reversible Error.**

Where the defendant did not testify, and had not put his general reputation, in issue, and prosecuting attorney asked an officer, while testifying, "Do you know the general reputation of Ott Stewart, the defendant in this community, with reference to violating the liquor law," such gross violation of all rules of procedure demands a reversal of the case, notwithstanding that the court promptly sustained objections to the question, and directed the jury not to consider it. Following McMullen v. State, 265, S. W. 582 and other cases cited.

**3.—Same—Evidence—Cross-Examination—Held, Improper.**

Where a woman was testifying in behalf of appellant, it was very improper for prosecuting attorney on cross-examination to ask her if her husband had not been under indictment for violating the liquor law, a witness may not be impeached by showing that some one else is charged with an offense.

**4.—Same—Impeaching Witness—Moral Turpitude.**

While an aggravated assault is not always an offense involving moral turpitude, it has been held by this court that an aggravated assault upon one's wife, is an offense involving moral turpitude, see Curtis v. State, 46 Tex. C. R., and it was not error to permit the State in this case to ask a witness if a complaint had not been lodged against him for an aggravated assault on his wife, for purposes of impeachment.

Appeal from the District Court of Johnson County.   Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for selling intoxicating liquor; penalty. one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney for, the State.

HAWKINS, Judge.—Conviction is for selling intoxicating liquor. Punishment, one year in the penitentiary.

Sheffield and Johnson testified that they went together to defendant's home and that Sheffield purchased a quart of whisky for which he paid defendant three dollars. Sheffield and Johnson both became intoxicated and were arrested. The indictment places the date of the alleged sale as March 20th, and this is fixed as the correct date by the undisputed evidence. Defendant did not testify, but through the witnesses Sam Gibson, Essie Gibson and Mrs. Frank Heater he interposed a defense of alibi. They testified that defendant, in company with Sam Gibson, Frank Heater and Top Heater, left his home in Johnson county on March 19th on a trip to Waxahachie, and did not return home until March 21st. After the issue was thus sharply drawn, the State proved by an officer that on March 21st he found near defendant's premises a still and five gallons of whisky. This evidence appears to have gone into the record without objection, but by a special charge the court was requested to instruct the jury to disregard it. This was refused. The learned trial judge was evidently disturbed as to just what place this evidence had in the case for upon its introduction he verbally told the jury that defendant was upon trial charged with selling liquor and that he was not being tried for manufacturing it or possessing it for purpose of sale, and that the evidence then being introduced must not be considered by them as evidence of guilt upon the charge of selling, but could be considered only as a "circumstance". The court did not undertake to advise the jury for what purpose such "circumstance" could be used by them. The evidence having gone in without objection, the refusal of the court to tell the jury to disregard it can scarcely be made a predicate for reversal, but in our judgment it had no place in the record for any purpose under the facts of this case. We are not able to see how proof that a still and whisky were found on the 21st could throw light on whether defendant was at home on the 20th and sold whisky to a particular party.

Defendant did not testify, and in no way put his reputation in issue. While the officer was testifying the county attorney asked him the following question: "Do you know the general reputation of Ott Stewart, the defendant, in this community with reference to violating the liquor law?" The court promptly sustained objections to the question and directed the jury not to consider it. Was the question itself so obviously harmful as to call for a reversal? If defendant had put in issue his general reputation as a law-abiding citizen, the question asked would have been improper, for it was an inquiry about his reputation relative to the thing charged against him. McMullen v. State, 265 S. W. 582; Burns v. State, 94 Texas Crim. Rep. 533, 252 S. W. 509; Lovelady v. State, 95 Texas Crim. Rep. 571, 255 S. W. 415. In the respect mentioned asking the question was more reprehensible, and the question itself

more hurtful, than the one considered in Childers v. State, 92 Texas Crim. Rep. 215, 241 S. W. 1029. If we had been writing in that case with reference to the matter now before us, the language could not have been more applicable. We quote:

"It is our opinion that the question was such a gross violation of all rules of procedure that it should not be necessary for appellant to request the court to instruct the jury that it was improper, and to disregard the same. The court should have done so of his own motion, and should have promptly reprimanded the district attorney for asking such a question. There is no better known rule than that the reputation of the defendant cannot be inquired into by the State unless the accused himself opens up the way, and for the district attorney to propound such a question, thereby forcing the accused in the presence of the jury to interpose an objection, called for prompt action on the part of the court. As long as the law presumes an accused to be innocent, attorneys for the State ought not inject into the trial a matter which every well-informed lawyer knows is improper. Common justice to a party accused of crime suggests that he should be treated fairly upon his trial, and such proceedings as were here resorted to will not be tolerated or approved. Ordinarily when the court promptly sustains an objection to a question, and the facts indicate that it was asked in good faith, no error is presented unless the question is of such nature as to be extremely hurtful. Overstreet v. State, 68 Tex. Cr. R. 238, 150 S. W. 899, and cases therein cited. We frequently decline to reverse cases where improper questions were asked and objections were promptly sustained; but we can scarcely conceive a question which in and of itself could be more hurtful to an accused than one calling for an anwer which would put in issue his general reputation. It places him in the unfortunate attitude of having to let the question pass unchallenged, thereby permitting the State to do what it plainly has no right to do, or of objecting thereto in the presence of the jury, leaving the very natural impression upon them that he feared an answer which would have been detrimental to him."

The zeal of prosecuting officers is commendable when kept within legitimate bounds, but ill-directed zeal becomes a menace to the interest of the State where reversals are demanded by reason of it.

Another instance of misdirected zeal is revealed by bill of exceptions number two. Mrs. Frank Heater testified to defendant's alibi, saying that her husband was one of the parties who accompanied defendant on the trip to Waxahachie. Her husband was not a witness. On her cross-examination the county attorney asked if her husband was not under indictment for violating the liquor law. The court promptly sustained objection to the question. It ought not to have been propounded. If the husband was under indictment.

that fact could not be shown to affect the wife's credibility. Defendant was forced to object to an obviously improper question, or permit it to go unchallenged.

While Sam Gibson, defendant's witness, was being cross-examined the State elicited from him that a prosecution had been lodged against him for · an aggravated assault upon his wife. The objection was not to proving · by him that he had been legally charged with an aggravated assault, but to eliciting the fact that it was upon his wife. We are not called upon to decide whether an aggravated assault is in all cases a misdemeanor involving moral turpitude and provable for impeaching purposes. The case of Curtis v. State, 46 Texas Crim. Rep. 480, 81 S. W. 29, does appear to be authority for the proposition that an aggravated assault upon one's wife is an offense involving moral turpitude, hence provable to impeach the witness who has been legally charged or convicted thereof. In order to bring the inquiry within the doctrine of Curtis' case, we observe no error in permitting the State to show that the offense charged against Gibson was an aggravated assault upon his wife.

The defendant may be guilty, but the record impresses us as dis closing that he has. not had that fair trial contemplated by the law, and that too without fault upon the part of the learned trial judge who presided.

For the reasons given, the judgment is reversed and the cause remanded.

*Reversed and remanded.·*