Ismael **VALDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42541.

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

Charles D. Tuttle, Big Spring (Court Appointed on Appeal), for appellant.

Wayne Burns, Dist. Atty., Big Spring, and Jim D. Vollers, State's Atty., Austin, for the State.

MORRISON, Judge.

## OPINION

The offense is assault with intent to murder with two non-capital convictions alleged for enhancement; the punishment, life.

The sole question presented by court appointed counsel on appeal is that at his trial appellant's court appointed attorney was inexperienced in the trial of criminal cases. He does not contend that such lawyer was incompetent.

A reading of this 468 page record convinces this court that trial counsel was thoroughly prepared factually. He called a number of witnesses, and presented the defense of self defense. The facts of the case, which indicated that appellant's antagonists were not armed, appellant seriously wounded the injured party in the case, and killed another by shooting with a pistol, presented a problem which would have caused Clarence Darrow serious concern.

We shall enumerate the errors in law which appellant's counsel lay at the door of trial counsel. He first contends that trial counsel failed to impeach the injured party by showing that he had been arrested on prior occasions. There is nothing in the record to show that he had a prior criminal record. Appellant's attorney on appeal has attached exhibits to appellant's brief to indicate evidence of the injured party's prior arrests, and two con-

victions for aggravated assault (not shown to be on females) in which he was fined $100.00 in each case. Even if we were authorized to consider such exhibits, we observe that the prior arrests and convictions for aggravated assault were not available for impeachment under Article 38.29, Vernon's Ann.C.C.P. Aggravated assault (not committed on a female) is not a misdemeanor involving moral turpitude, Stewart v. State, 100 Tex.Cr.R. 566, 272 S.W. 202; Lloyd v. State, 151 Tex.Cr.R. 43, 204 S.W.2d 633; Dempsey v. State, 159 Tex. Cr.R. 602, 266 S.W.2d 875.

Next, he maintains that trial counsel failed to object to the State's argument concerning the killing of the injured party's companion, which the state alleges is indicative of appellant's malice in the case at bar. Both shootings occurred one right after the other at the same location, and were in evidence before the the jury. We deem the argument proper.

The appellant's counsel on appeal further complains of the length of trial counsel's argument. We examined the same, and find that he fairly urged the self defense, which was authorized by the defensive evidence. Counsel should remember that brevity is often appreciated by jurors as it is by appellate courts.

He alleges that no search was made for possible witnesses. As heretofore stated, trial counsel called a number of witnesses, and in fact "milked the field dry."

The counsel for appellant maintains that trial counsel should have made a prompt investigation at the scene. Trial counsel was not appointed until several months after the commission of the offense.

His next contention is that counsel failed to object to the charge on self defense, because it authorized an acquittal only if appellant acted in defense from an attack by the injured party, and did not mention the other assailants. This is an excellent and well reasoned complaint as

to charge, but we cannot bring ourselves to hold that trial counsel's failure to object on this ground demonstrates his inadequacy. Those of us who have tried many criminal cases often look back at matters contained in a past charge, and wish that we had objected at the time of trial.

Appellant's counsel on appeal and trial counsel are to be commended for their strenuous efforts on behalf of this indigent.

The judgment is affirmed.