**Sara TRIPPELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51358.**

Court of Criminal Appeals of Texas.

April 7, 1976.

Randy Schaffer of Haynes & Fullenweider, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and John B. Holmes, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a conviction for the offense of aggravated promotion of

prostitution under V.T.C.A. Penal Code, Sec. 43.04, a third degree felony. The trial court under the provision of V.T.C.A. Penal Code, Sec. 12.44, set aside the verdict of guilty of a felony of the third degree and entered a judgment of guilty of a Class A misdemeanor. The trial court assessed punishment at forty (40) days in the Harris County jail and a fine of four hundred ($400) dollars.

On January 7, 1974, a private citizen named James Smith accompanied by a member of the Harris County Sheriff's Department visited Dee's Health Spa. While the officer stayed outside, Mr. Smith entered the building.

Smith testified that the appellant answered the door and asked him to come inside. Smith indicated that he wanted a massage and the appellant informed Smith that the cost would be twenty dollars. Smith stated that there were two other girls in the room with the appellant. Smith then testified that he selected a girl named Marylin Welsh to give him a massage and that the two of them then went to a back room in the building. Smith stated that the room had no furniture except what was described as a "massage table." Smith then testified that he paid twenty dollars to Welsh who took the money and left the room for several minutes.

Smith then testified that he undressed and that Welsh began massaging his back while they exchanged small talk. Smith testified that Welsh asked him what he wanted and that he requested a "local." Smith stated that Welsh then proceeded to masturbate him to a climax. Smith further testified that Welsh remained fully clothed during the entire massage and that no additional money changed hands. Smith stated that after Welsh masturbated him she again began rubbing his back and that after about thirty minutes he dressed and left the premises.

Carol Dickard testified that she had been employed in January, 1974 by Dee's Health Spa as a masseur. Dickard indicated that she was employed by the Spa when the appellant took over the Spa and that the appellant was there only a few days before she was arrested. When the appellant took over the Spa, Dickard indicated that the girls working there were told "to continue what we had been doing . . . ." Dickard testified that she received a fifty percent commission for each massage, with the appellant receiving the other fifty percent. Dickard also stated that she engaged in sexual intercourse during the time she worked at the Spa and would likewise divide the proceeds with the appellant. Dickard also identified a photograph of Marylin Welsh as being a co-employee at the Spa. Dickard also stated that the appellant had never been present with her in a room with a customer.

In light of the disposition of this case we need not reach the contentions contained in the appellant's first three grounds of error.

Appellant in her fourth ground of error contends that the trial court erred in denying her the right to effective confrontation and cross-examination of the witness Smith. Appellant argues that the trial court refused to allow the impeachment of the witness with evidence of prior convictions, after the witness made a blanket assertion that he had never been convicted.

The witness Smith testified on direct examination that he had paid twenty dollars for a massage at the massage parlor allegedly operated by the appellant, and that during the course of that massage the masseur had masturbated him to a climax. On cross-examination, Smith testified that he was not a law enforcement officer, but was the ex-treasurer of a local civic club, and that he had gone to the Harris County Sheriff's Office to explain what was going on in the community. He stated that he was just being a good citizen and wanted to clean up the situation.

Appellant's counsel then asked Smith whether or not, in the last ten years, he had ever been convicted of a felony or a misdemeanor involving moral turpitude. Smith answered, "I have never been convicted." He was then asked if he had ever been convicted of aggravated assault on a fe-

male; he again responded, "I have never been convicted."

Appellant's counsel then developed on a bill of exception, outside the presence of the jury, that Smith had been indicted for rape and had pleaded nolo contendere to the lesser included offense of aggravated assault on a female. He was found guilty and received one year's probation, which he stated had been completed by the time of the instant trial. Smith further testified that in August of 1973 he paid a fine of one hundred dollars for the offense of carrying a pistol. Smith also admitted that he had been charged with murder in 1973 but that the case was not billed by the grand jury. He also admitted that he had been charged with writing hot checks but that he had paid them off. Smith stated that he could not remember if he had plead nolo contendere or if he had paid a fine on the check charges. Smith also admitted that his wife had filed aggravated assault charges against him and that these had been dismissed by the District Attorney's Office at about the same time that he went to the Sheriff's Department.

The appellant argues that the blanket assertion by Smith that he had never been convicted opened the door for the defense to prove that the witness had in fact been convicted of carrying a pistol and aggravated assault on a female.

 The general rule is well settled that a witness may be impeached by prior convictions only if the conviction is for a felony or a misdemeanor involving moral turpitude, and only if a final conviction has resulted. The offense of aggravated assault on a female is a misdemeanor involving moral turpitude, but the witness had completed his probation at the time of the trial. The offense of carrying a pistol is a misdemeanor that does not involve moral turpitude. Therefore, under the provisions of Art. 38.29, V.A.C.C.P., neither of these convictions would be admissible for impeachment. See, e. g., *Redman v. State,* 533 S.W.2d 29, decided February 18, 1976.

However, in the instant case the witness Smith made the statement in the presence of the jury that he had *never* been convicted. The witness was representing himself in the presence of the jury as a law-abiding citizen who had no prior convictions. He further represented that his purpose in aiding the Sheriff's Department investigation was simply to help clean up his community. A blanket statement that he had never been convicted opened the door to evidence regarding the prior convictions, even though one was for a misdemeanor which did not involve moral turpitude and the other conviction resulted in a probated sentence which had been completed prior to the trial.

In *Orozco v. State,* 164 Tex.Cr.R. 630, 301 S.W.2d 634 (1957) the defendant was asked by his counsel if he had ever been convicted of a felony or misdemeanor or paid a fine. The defendant answered in the negative. On cross-examination he was questioned about a prior fine and jail sentence. This Court held that this was proper cross-examination. In *Eloms v. State,* 159 Tex.Cr.R. 471, 264 S.W.2d 725 (1953) this Court said:

"Prudence favors a showing by the accused that he is eligible under the suspended sentence law, enjoys a good reputation as a law abiding person, and no more. If he goes further and makes blanket statements about exemplary conduct, then the State may refute them."

In *Peak v. State,* 522 S.W.2d 907 (Tex.Cr.App.1975) we observed that where a defendant testified that he had never sold pills and had never been in trouble before it was proper for the State to show that he had sold drugs in another state at a later date than the sale with which he was then charged. The witness' testimony made the other offenses "relevant and admissible."

In *Reese v. State,* 531 S.W.2d 638 (Tex.Cr.App.1976) we stated:

"Generally, charges of offenses are inadmissible for impeachment purposes unless the charges result in final convictions for felony offenses or final convictions involving moral turpitude, none of which are too remote. *Ochoa v. State,* 481 S.W.2d 847 (Tex.Cr.App.1972). An exception arises when the witness, by his direct

testimony, leaves a false impression of his 'trouble' with the police. In this situation, it is legitimate to prove that the witness had been 'in trouble' on occasions other than those about which he offered direct testimony. *Nelson v. State,* Tex. Cr.App., 503 S.W.2d 543 [1973]; *Ochoa v. State, supra.*"

*Cf. Hoffman v. State,* 514 S.W.2d 248 (Tex. Cr.App.1974).

 As the above cases indicate the State may prove any conviction against a defendant when the defendant opens the door by giving an erroneous impression that he is a conscientious, law-abiding citizen.

In *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), a state statute prohibited the mention of a witness' juvenile record. The United States Supreme Court held that the refusal to allow the defendant to cross-examine a key prosecution witness to show his probable bias denied the defendant his right to confrontation, notwithstanding the State's policy of protecting the anonymity of juvenile offenders. In explaining the decision the Court said:

"Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. . . . [T]he cross-examiner had traditionally been allowed to impeach, *i. e.,* discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at tri-al, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.' 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Green v. McElroy,* 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959)." (footnotes omitted)

 Where, as in the instant case, the witness represents himself as a law-abiding citizen who was only aiding the Sheriff's Department out of a sense of civic duty and the witness then denies that he has ever been convicted, it is reversible error to deny the appellant the right to cross-examine the witness as to prior convictions and other relevant matters that would tend to reflect on the witness' bias, prejudice, and ulterior motives.

Although this case is reversed on appellant's fourth ground of error only there is a serious question as to the sufficiency of the evidence. Smith testified that he paid twenty dollars for a massage and that no further money was exchanged. Smith stated that it was only after the massage had begun that Welsh asked him what he wanted. The witness testified that he asked for a local. Having already paid for the massage it is difficult to characterize Welsh's actions as prostitution under V.T. C.A. Penal Code, Sec. 43.02. It is even more difficult to then impute Welsh's actions if they be an offense to the appellant herein, or to rely on Smith's testimony to show that the Spa was a "prostitution enterprise" as required by V.T.C.A. Penal Code, Sec. 43.04.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ODOM, J., concurs in results.