Clyde W. Woody & Mary M. Rawlins, Houston, for appellant.

Robert Collie, Jr., City Atty. & Marion D. Leach & John E. Jonietz, Asst. City Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

**John Michael ILES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65372.**

Court of Criminal Appeals of Texas.

July 14, 1982.

Rehearing Denied Sept. 15, 1982.

### OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for prostitution. Punishment was assessed at a fine of $200.

By ground of error eight, appellant challenges the sufficiency of the evidence. Appellant was charged by complaint with "knowingly offer[ing] to engage in sexual conduct, to wit: deviate sexual intercourse, with C. R. Barney in return for a fee payable to the said defendant." See Section 43.02(a)(1), V.T.C.A.Penal Code (prior to its amendment effective May 27, 1977). Appellant contends that the State has failed to establish an essential element of the of-

fense, to wit: that the offer to engage in sexual conduct was made *in return for a fee* payable to the actor. We agree with appellant and reverse.

C. R. Barney, an undercover vice-squad officer, testified that on May 4, 1977, he was inside Studz Book Store, in the back by the "peepshow" section. Barney stated that the appellant followed him to the rear of the store, approached him and asked Barney "if he could have sexual intercourse, well, deviate sexual intercourse with" him. Barney stated,

"I asked him how much he wanted.

Q. [Prosecutor]: Okay. What was his reply to that?

A. 'I just—I just want to suck your dick.'

Q. Okay. What was your reply to that?

A. 'Well, I don't know.' And I tried to stall him off.

Q. What did you mean, 'stall him off'?

A. Well, I was checking for other activity, and he kept pressing the matter and, of course, I couldn't engage in sexual intercourse with him. And finally he said, 'Well, if you got $5, I'll take $5.' "

On cross-examination by defense counsel, Barney read from a deposition he gave as a defendant in a civil rights violation suit. In the deposition, the officer stated that appellant told him, "I will give you $5 if you let me suck your dick."

Then, when questioned about this discrepancy, the officer said,

"Like I stated, at first I asked him how much he wanted. And he said, 'No, I just want to suck your dick.' And then he stated, 'But I can use $5 if you want to give me $5.'

Q. [Defense counsel]: If you want to give me $5?

A. Yes, sir."

We find that under either version of the "offer", the evidence is insufficient to show that an offer to engage in sexual conduct was made *in return for a fee*. It appears from many references in this record that appellant was tried for being a homosexual and frequenting a pornographic book store, rather than having committed the offense of prostitution. As the prosecutor summed it up during final argument:

"[Officer Barney] told you—and he had no reason to lie—that this man here—who's admitted on the stand to being a homosexual—he doesn't even deny it. He told you this man started following him around. Then he told you that the man came up to him and said, 'I want to suck your dick.' He said it like it was. It's kind of hard for me to say it, but that's what we got here. Officer Barney asked him how much he wanted, *but the man really didn't want any money*; 'But I'll take $5. If you want to give me $5 I will certainly accept that.' That's what this case is right here. . . . I would ask you to enter a finding of guilty and assess a fine, the maximum fine of $200. And if you do this, you will be, by your verdict, saying that you agree with me that this homosexual activity and this man here who did what he did is the real insult to society." (Emphasis added)

We find the evidence insufficient to support the verdict. See *Trippell v. State*, 535 S.W.2d 178 (Tex.Cr.App.1976). Accordingly, the judgment is reversed and remanded with instructions to enter a judgment of acquittal.

DALLY, J., dissents.