**Dwayne HARDEMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–93–363–CR.**

Court of Appeals of Texas,
Austin.

Dec. 29, 1993.

David A. Schulman, Austin, for appellant.

Ronald Earle, Dist. Atty., Christine White Tennon, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

JONES, Justice.

A jury convicted Dwayne Hardeman, appellant, of aggravated assault. Tex.Penal Code Ann. §§ 22.01(a), 22.02(a)(4) (West 1989 & Supp.1994). The trial judge assessed punishment, enhanced by a prior conviction, at five years' imprisonment. In one point of error, appellant asserts that the trial court erred in admitting evidence of two prior misdemeanor assault convictions for purposes of impeachment. We will affirm the conviction.

Appellant and the complainant had been involved in a sporadic and volatile relationship for four years before the events that led to appellant's conviction. On the evening of September 6, 1992, the complainant and two female friends went to a nightclub in Austin. At approximately 2:00 a.m. the next morning, appellant arrived at the same club and saw the complainant and a male leaving the club

together. Appellant approached them and demanded to know why the complainant was with another man. After explaining that he was only a friend and was simply walking the complainant to her car, the other male departed. Appellant and the complainant began arguing about their relationship. The argument escalated and as the complainant began to walk away, appellant put a gun to her side and "forced [the complainant] into her car." For the next four hours, appellant forced the complainant to drive them to various locations around Austin, during which time he physically assaulted her and threatened her with the gun. Ultimately, after returning appellant to his mother's home, the complainant reported the incident to the police.

Appellant was later arrested and charged with aggravated kidnapping and aggravated assault of the complainant. During the ensuing three-day trial, appellant took the stand and testified in his own behalf. At the beginning of the State's cross-examination of appellant, the prosecutor indicated that she intended to introduce two prior convictions of appellant for misdemeanor assault against the complainant as impeaching evidence under rule 609 of the Texas Rules of Criminal Evidence. Over appellant's objection, the trial court concluded that, pursuant to the requirements of rule 609, a misdemeanor assault by a man against a woman is a crime involving moral turpitude and is therefore admissible for impeachment. The prosecutor was permitted, therefore, to introduce evidence that appellant had previously been convicted of two class "A" misdemeanors for assault against the complainant. The jury found appellant guilty of aggravated assault. Upon a plea of "true" to an enhancement paragraph alleging a prior felony conviction for possession of a controlled substance, the trial judge assessed punishment at five years' imprisonment.

On appeal, appellant's sole point of error is that the two misdemeanor assault convictions admitted into evidence were not crimes involving moral turpitude and therefore were not admissible for impeachment under rule 609. Rule 609(a) states:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted ... *only if the crime was a felony or involved moral turpitude,* regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

Tex.R.Crim.Evid. 609(a) (emphasis added).

█ "Moral turpitude" has been defined as "[t]he quality of a crime involving grave infringement of the moral sentiment of the community as distinguished from statutory mala prohibita." Black's Law Dictionary 1008–09 (6th ed. 1990) (citing *People v. Ferguson,* 55 Misc.2d 711, 286 N.Y.S.2d 976, 981 (Sup.Ct.1968)); *see also Muniz v. State,* 575 S.W.2d 408, 411 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). The Court of Criminal Appeals has considered various situations in determining whether a given offense is one that involves moral turpitude. *See, e.g., Holgin v. State,* 480 S.W.2d 405 (Tex.Crim.App.1972) (prostitution involves moral turpitude); *Stephens v. State,* 417 S.W.2d 286 (Tex.Crim.App.1967) (driving while intoxicated does not involve moral turpitude); *Bensaw v. State,* 129 Tex.Crim. 474, 88 S.W.2d 495 (1935) (theft involves moral turpitude); *Sherman v. State,* 124 Tex.Crim. 273, 62 S.W.2d 146 (1933) (swindling involves moral turpitude); *Garrison v. State,* 94 Tex. Crim. 541, 252 S.W. 511 (1923) (drunkenness in a public place does not involve moral turpitude); *Miller v. State,* 67 Tex.Crim. 654, 150 S.W. 635 (1912) (gambling does not involve moral turpitude); *Kemper v. State,* 63 Tex. Crim. 1, 138 S.W. 1025 (1911) (simple assault does not involve moral turpitude).

█ Several cases have addressed whether a misdemeanor assault by a man against a woman is an offense involving moral turpitude. First is a series of cases in which the Court of Criminal Appeals held that a misdemeanor assault by a man against *his wife* involves moral turpitude. *See Lloyd v. State,* 151 Tex.Crim. 43, 204 S.W.2d 633, 634 (1947); *Stewart v. State,* 100 Tex.Crim. 566, 272 S.W. 202, 203 (1925); *Curtis v. State,* 46 Tex.Crim. 480, 81 S.W. 29, 30 (1904); *see also Crawford*

*v. State,* 412 S.W.2d 57, 59 (Tex.Crim.App. 1967).

Next is a series of cases involving assaults by a man against a woman *not* his wife. The first case of interest in this group is *Dempsey v. State,* 159 Tex.Crim. 602, 266 S.W.2d 875 (1954). During cross-examination of the defendant, the prosecutor introduced evidence of the defendant's prior conviction for aggravated assault against a woman who was not his wife.[1] *Dempsey,* 266 S.W.2d at 877. The trial court also erroneously allowed other evidence of extraneous offenses to be admitted. In addressing the propriety of admitting evidence regarding the assault conviction, the court stated that "this court has not held that the offense of aggravated assault is an offense involving moral turpitude because committed upon a female. We have held that an aggravated assault by an adult male upon his wife involves moral turpitude." *Id.* The court went on to conclude that "[t]he error in admitting the foregoing testimony as to prior misconduct, charges and convictions of appellant, and the details thereof, requires that the conviction be set aside." *Id.* at 878. Thus, the court declined to hold misdemeanor assault by a man against a woman who was not his wife to be an offense involving moral turpitude. It appears, however, that this holding was not necessary to the court's decision, because the trial court's other errors would almost certainly have resulted in a reversal of the conviction anyway.

Sixteen years after *Dempsey* the issue was mentioned in *Valdez v. State,* 450 S.W.2d 624 (Tex.Crim.App.1970). The issue on appeal was the propriety of defense counsel's failure to introduce two prior convictions of aggravated assault (not shown to be on a female) to impeach the injured party. *Id.* at 625. In concluding that counsel's failure to offer the

prior convictions had not been an error, the court stated that "the prior arrests and convictions for aggravated assault were not available for impeachment.... Aggravated assault *(not committed on a female)* is not a misdemeanor involving moral turpitude...." *Id.* (emphasis added).

Next, in a footnote in a 1972 opinion, the court again observed that "aggravated assault, *not committed on a female,* is not a misdemeanor involving moral turpitude." *Knox v. State,* 487 S.W.2d 322, 326 n. 2 (Tex.Crim.App.1972) (emphasis added).

In 1976, the Court of Criminal Appeals again addressed the issue in *Trippell v. State,* 535 S.W.2d 178 (Tex.Crim.App.1976). In *Trippell* the witness had previously pleaded guilty to the offense of misdemeanor aggravated assault on a female. *Id.* at 180. He had received one year's probation, which had been completed by the time of the defendant's trial. The relevant statute at that time, article 38.29 of the Code of Criminal Procedure, provided that such evidence could not be used for the purpose of impeachment "unless ... such person has been placed on probation and the period of probation has not expired." Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex.Gen.Laws 317, 471 (Tex.Code Crim.Proc. art. 38.29, since deemed repealed by Tex.R.Crim.Evid. 609). In concluding that the assault conviction was not admissible for impeachment, the court stated that "[t]he offense of aggravated assault on a female *is a misdemeanor involving moral turpitude,* but the witness had completed his probation at the time of the trial." *Trippell,* 535 S.W.2d at 180 (emphasis added).

---

1. Before the revision of the Penal Code in 1973, aggravated assault was a misdemeanor. Moreover, the 1925 Penal Code stated that "an assault or battery becomes aggravated when committed ... by an adult male upon the person of a female." *See* Act of May 20, 1971, 62nd Leg., R.S., ch. 911, § 2, 1971 Tex.Gen.Laws 2808, 2809 (Tex.Penal Code art. 1147, since repealed and recodified at Tex.Penal Code Ann. §§ 22.01, .02 (West 1989 & Supp.1994)). Before 1973, therefore, any assault by a man against a woman was, by statutory definition, a misdemeanor aggravated assault.

A new Penal Code was enacted in 1973. First, "assault by an adult male on the person of a female" was removed as an aggravating factor under Penal Code § 22.02(a). The only remaining aggravating factors were (1) causing serious bodily injury to another; (2) threatening with a deadly weapon, threatening to causing bodily injury, or causing bodily injury to a peace officer or other specified employee of the criminal justice system; and (3) causing bodily injury to a participant in a court proceeding. Second, aggravated assault was reclassified as a felony. *See* Tex.Penal Code § 22.02(c).

Although the Court of Criminal Appeals has not addressed whether a misdemeanor assault by a man against a woman is a crime involving moral turpitude since the 1973 Penal Code was enacted, two courts of appeals have been presented with the issue. In *Tenery v. State,* 680 S.W.2d 629 (Tex.App.—Corpus Christi 1984, pet. ref'd), the defendant complained on appeal that the trial court had erred in refusing to allow him to establish that a state's witness had been fined in 1976 for misdemeanor assault on a woman. Unfortunately, the court's opinion is of little help in resolving the question whether a misdemeanor assault by a man against a woman is an offense involving moral turpitude. The court concluded:

> The offense of aggravated assault on a female is a misdemeanor involving moral turpitude. *Trippell v. State,* 535 S.W.2d 178 (Tex.Crim.App.1976). However, in the present case, there was no evidence that the assault charges against [the witness] back in 1976 amounted to an aggravated assault. More importantly, even assuming the offense in question was shown to be one involving moral turpitude, the testimony elicited did not show that a final conviction had resulted.

*Tenery,* 680 S.W.2d at 639. Because the 1973 Penal Code classified aggravated assault as a felony, the *Tenery* court's consideration of whether the assault in question was aggravated was irrelevant to the question of whether misdemeanor assault on a woman involves moral turpitude. All prior case law arose when (1) aggravated assault was a misdemeanor and (2) any assault by a man against a woman was, by definition, aggravated assault.

Most recently, the issue was briefly considered in *Patterson v. State,* 783 S.W.2d 268 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd), where the court noted that "misdemeanor assaultive offenses which do not involve violence against women are not crimes involving moral turpitude." *Id.* at 271 (citing *Knox,* 487 S.W.2d 322, and *Valdez,* 450 S.W.2d 624).

We believe an assault by a man against a woman is generally regarded by the members of our society as more morally culpable than some other types of assaultive crimes. Holding evidence of such a crime to be admissible for impeachment under rule 609 does not, therefore, offend traditional notions of "moral turpitude." Although the court in *Dempsey* declined to label an assault by a man against a woman as an offense involving moral turpitude, we do not regard *Dempsey* as controlling, for two reasons: (1) the statements in *Dempsey* were dicta; and (2) the five opinions that have addressed the issue since *Dempsey,* including three by the Court of Criminal Appeals, have completely disregarded the distinction made by the *Dempsey* court between assault by a man against *his wife* and assault by a man against *a woman not his wife.* Although none of the five subsequent cases is completely dispositive of the question, all reflect the view that a misdemeanor assault by a man against a woman is an offense involving moral turpitude.

We hold, therefore, that a conviction for misdemeanor assault, as defined by Penal Code § 22.01, by a man against a woman is a crime involving moral turpitude and therefore is admissible as impeaching evidence under rule 609 of the Texas Rules of Criminal Evidence.

■ In addition, there is a second basis on which appellant's conviction must be upheld. During cross-examination of the complainant, defense counsel questioned her about the numerous physical fights that she and appellant had during their relationship, apparently attempting to establish that the complainant was just as much the aggressor as appellant:

Q: (by defense counsel): You had a bunch of fights during the time you all were together?

A: (by the complainant): Yes.

Q: You fought, physically fought?

A: Uh-huh.

Q: Both of you?

A: I wouldn't say both because there's no way that I could overpower him.

Q: But he's a bit bigger than you and you might not be able to beat him up, but that won't prevent you from punching him or hitting him or scratching him?

A: That is correct.

Q: And you did do that?

A: Yes, I did, to defend myself.

Defense counsel later established that the complainant had once threatened in a letter to kill appellant.

We hold that by eliciting evidence that the complainant might have been the aggressor during their stormy relationship, appellant "opened the door" for the State to present evidence refuting that implication. *See Lucas v. State,* 791 S.W.2d 35, 53 (Tex.Crim. App.1989). Thus, the trial court did not err in admitting evidence of appellant's prior convictions for misdemeanor assault against the complainant.

Accordingly, we overrule appellant's sole point of error and affirm the conviction.

Affirmed