Affirmed and Memorandum Opinion filed March 2, 2006









Affirmed
and Memorandum Opinion filed March 2, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01138-CR

____________

 

BARRY WAYNE
WILLIAMS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court 

Harris County, Texas

Trial Court Cause No. 991,406

 



 

M E M O R A N D U M   O P I N I O N

Appellant Barry
Wayne Williams was convicted of delivery of a controlled substance and
sentenced to 600 days= imprisonment.  In one issue, appellant complains that he
received ineffective assistance of counsel. 
We affirm.








On June 17, 2004,
appellant was arrested after he sold .17 grams of crack cocaine to J.D.
Cargill, an undercover officer with the Houston Police Department.  Cargill was working on assignment at a
Houston gas station while three other officers observed from a short
distance.  Cargill was standing by a pay
phone at the gas station when appellant, a homeless man, approached him and
asked for spare change.  Cargill replied
that he needed his spare change to buy crack. 
Appellant agreed to find crack for Cargill in exchange for a ten dollar
fee.  He then got in Cargill=s truck and directed
Cargill to drive to a nearby park.  At
the park, appellant walked into an adjacent neighborhood with twenty dollars
Cargill had given him to buy the crack. 
He returned about five minutes later and directed Cargill back to the
gas station, where appellant removed some crack from his mouth and gave it to
Cargill for the agreed ten dollars. 
After this exchange, appellant went inside the store.  Cargill drove away and notified one of the
surveillance officers that the transaction was complete.  A uniformed officer then arrested appellant,
who had since gone to where he was living under a nearby bridge.  The police did not find money or drugs on
appellant when he was arrested.








At trial, Cargill
and one of the surveillance officers testified about the events leading to
appellant=s arrest. 
Appellant testified to a different version of events, claiming he was
unable to buy crack for Cargill.[1]  During appellant=s direct
examination, appellant=s attorney asked him about the following
four prior convictions, presumably in anticipation of cross- examination: (1)
possession of cocaine in 2002, (2) burglary of a habitation in 2000, (3) theft
in 1994, and (4) burglary of a building in 1994.  After the State cross-examined appellant,
appellant=s attorney asked him on re-direct about a
1999 domestic assault that neither his attorney nor the State had previously
raised.  The State, on re-cross,
questioned appellant about the 1999 assault for Abeating on [his]
wife.@  Appellant said he had not beaten his wife and
that she had Aput in a statement saying that it didn=t happen.  That she was . . . going through a lot of
stuff and she got angry with me.@  Appellant also said he thought the charges
had been dropped.  The prosecutor
approached appellant with a document she did not admit into evidence[2]
and questioned him about its contents. 
The prosecutor noted that the document said appellant Adid 208 days@ for assault, and
appellant reluctantly agreed that he Aguess[ed]@ it meant he was
convicted of assault.  The jury
subsequently convicted appellant, and this appeal followed.

In his sole issue,
appellant contends he received ineffective assistance of counsel because his
attorney elicited testimony from him about the 1999 assault after the
prosecutor failed to raise it during cross-examination.  Ineffective assistance claims are governed by
the two-part test announced in Strickland v. Washington, 466 U.S. 668
(1984).  To prove ineffective assistance,
appellant must show (1) that trial counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient
performance.  Id. at 687B92; Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance.  Salinas, 163 S.W.3d at 740.  To defeat this presumption, A>any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.=@  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999) (quoting McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996), overruled on other grounds by Mosley v. State,
983 S.W.2d 249 (Tex. Crim. App. 1998)). 
Without specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective assistance claim.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Thompson,
9 S.W.3d at 813B14 (noting that when the record contains
no explanation for counsel=s decisions, an
appellate court should be cautious in deciding whether the Amotivation behind
counsel=s actions@ was Aof strategic
design or the result of negligent conduct@).








 Under Evidence Rule 609, evidence of a prior
conviction is admissible to attack a witness=s credibility when
the prior offense was a felony or a crime of moral turpitude.  See Tex.
R. Evid. 609(a).  The State
correctly points out that assault of a woman by a man is considered a crime of
moral turpitude.  See Ludwig v. State,
969 S.W.2d 22, 28, 30 (Tex. App.BForth Worth 1998,
pet. ref=d); Hardeman
v. State, 868 S.W.2d 404, 407 (Tex. App.BAustin 1993), pet.
dism=d, improvidently granted, 891 S.W.2d 960
(Tex. Crim. App. 1995).  It is unclear
from the record whether the 1999 assault resulted in a conviction. Thus, it may
have been inadmissible. We agree with appellant that eliciting testimony on an
otherwise inadmissible conviction is deficient performance under Strickland.  See Stone v. State, 17 S.W.3d
348, 353 (Tex. App.BCorpus Christi 2000, pet. ref=d).  However, because appellant has not brought
forward a record establishing whether he was convicted of the 1999 assault, we
cannot determine if his counsel opened the door to inadmissible evidence.
Appellant also argues that even if admissible, there could have been no
conceivable trial strategy for questioning him about the conviction after the
prosecutor had finished her cross-examination. Without reasons for counsel=s decisions in the
record, appellant fails to overcome the strong presumption that counsel=s actions were
reasonable.  See Rylander v. State,
101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (noting that Atrial counsel
should ordinarily be afforded an opportunity to explain his actions before
being denounced as ineffective@).[3]   Thus, based on the record before us,
appellant has not satisfied the first Strickland prong by showing that
counsel=s performance was
deficient.  See Strickland, 466
U.S. at 687.








Moreover, even if
we agreed with appellant=s argument that this is one if those rare
cases in which ineffective assistance can be found on a record silent as to
counsel=s strategy, see
Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003), appellant has
failed to show that the alleged deficiency sufficiently prejudiced his
defense.  See Strickland, 466 U.S.
at 687.  Appellant argues that the 1999
assault prejudiced him in the eyes of the jury and damaged his
credibility.  He cites Stone v. State,
a factually similar case involving undercover officers who orchestrated the
sale of crack cocaine from the defendant. 
See Stone, 17 S.W.3d at 351. 
In Stone, when the defendant took the stand and testified to an
alibi defense, his attorney questioned him about a nearly eighteen-year-old murder
conviction.  Id.  The court found the second Strickland prong
was met because the murder conviction (1) diminished the defendant=s credibility,
which was critical in that case, and (2) substantiated trial evidence that the
defendant allegedly threatened to kill the undercover officers if the crack
sale got him in trouble with the law.  Id.
at 351, 353.  However, we find this case
distinguishable from Stone. 
Although here appellant=s credibility was
also critical, the extraneous offense was not as significant a determinant in
the trial=s outcome as in Stone because
appellant=s credibility had already been damaged by
his four prior convictions.  Further, the
extraneous offense did not substantiate any of the State=s
evidence-in-chief as it had in Stone. 
Considering the circumstances of this case, including the strength of
the State=s evidence against appellant and his four
prior convictions, we find there is no reasonable probability that introducing
the 1999 assault could have affected the outcome of the proceeding.  Accordingly, we overrule appellant=s sole issue.

We affirm the
trial court=s judgment.

 

 

/s/      Leslie
Brock Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed March 2, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Anderson.

Do Not Publish C Tex. R. App. P. 47.2(b).    

 











[1]  According to
appellant, Cargill approached appellant where he was sitting under a bridge and
beckoned to him.  Cargill asked if
appellant wanted to get high and if he knew a dealer named ALittle J,@ and
appellant responded affirmatively to both questions.  Cargill drove appellant to a park and sent
him with twenty dollars to buy some crack from Little J, who was present at the
park, but Little J refused because he said appellant was working with
police.  Thereafter, Cargill and
appellant returned to the gas station, where appellant returned Cargill=s money. 
Appellant claims Cargill gave him three dollars and a small piece of
crack Afor [his] trouble.@  Appellant went in the store and bought some
beer with the money Cargill had given him and then returned to the bridge,
where he was arrested. 





[2]  The prosecutor
did not identify the document she used to question appellant.  When she asked appellant to identify it,
appellant replied, AIt=s from a court@ and
admitted that it bore his name.  The
prosecutor asked, AIs it for assault?@ and
noted that Ait shows you did 208 days.@  Appellant
reluctantly conceded these points.  From
this context, and without having the document in evidence, it is unclear
whether it was a judgment of conviction or another type of record.  





[3]   The record
shows appellant did not file a motion for new trial.  Without a motion for new trial, affidavits
from trial counsel explaining his actions, or other affirmative evidence in the
record showing whether appellant was convicted of the 1999 assault, we cannot
determine, without engaging in speculation, whether counsel=s actions constituted deficient performance so
outrageous that no competent attorney would have engaged in it.  See Goodspeed v. State, No.
PD-1882-03, 2005 WL 766996, ___ S.W.3d ___ , at *2 (Tex. Crim. App. Apr.
6, 2005); Stults v. State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).