TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00424-CR







James Barry Holden, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 46,763, HONORABLE RICK MORRIS, JUDGE PRESIDING







 Appellant James Barry Holden was convicted of the offense of aggravated assault. See
Tex. Penal Code Ann. § 22.02 (West 1994). The trial court assessed appellant's punishment, enhanced
by prior felony convictions, at imprisonment for forty years. Appellant asserts that the trial court erred in
refusing to allow the impeachment of the complaining witness and in refusing to grant a motion for new trial. 
We will affirm the trial court's judgment.

 Appellant complains that the trial court did not allow him to impeach the complainant, the
State's only witness, by showing that the complainant had been convicted of aggravated assault upon a
woman. For the purpose of attacking the credibility of a witness, evidence that the witness has been
convicted of a crime shall be admitted if elicited from the witness or established by a public record but only
if the crime was a felony or involved moral turpitude. See Tex. R. Evid. 609(a)(b). "Aggravated assault
(not committed on a female) is not a misdemeanor involving moral turpitude." Valdez v. State, 450
S.W.2d 624, 625 (Tex. Crim. App. 1970). However, a conviction for misdemeanor assault by a man
against a woman is a crime involving moral turpitude and therefore is admissible as impeaching evidence
under rule 609. See Hardeman v. State, 868 S.W.2d 404, 407 (Tex. App.--Austin 1993, no pet.).

 The State points out that at the time of trial, appellant did not show that his prior conviction
for assault was the result of an assault upon a woman. As a prerequisite to presenting a complaint for
appellate review, the record must show that the complaint was made to the trial court by a timely request,
objection, or motion stating grounds for the ruling sought with sufficient specificity to make the trial court
aware of the complaint. See Tex. R. App. P. 33.1. Error may not be predicated upon a ruling which
excludes evidence unless a substantial right of the party is affected, and the substance of the evidence has
been made known to the court by offer or is apparent from the context of the questions asked. See Tex.
R. Evid. 103.

 During the cross-examination of the complainant, he denied that he had a problem with his
temper. Then, to impeach the complainant, counsel sought to ask complainant if he had been "convicted
of assault with bodily injury." The trial court sustained the State's objection. Appellant failed to show the
trial court that the complainant's conviction for assault with bodily injury was for an assault against a
woman. Therefore, the conviction was not shown to be for an offense that involved moral turpitude. In
the manner presented, the conviction was not admissible to impeach the witness. The trial court did not
err in disallowing the impeachment of the witness. On the hearing of appellant's motion for new trial,
appellant's offer of proof that the complainant's conviction was for an assault against a woman came too
late to preserve the claimed error for appellate review. Appellant's first point of error is overruled.

 In his second point of error, appellant alleges that the trial court erred in failing to grant a
motion for new trial because appellant was deprived of his right to testify in his own defense in violation of
the Texas Constitution. Appellant concedes that his request to testify may have been untimely under a
procedural provision, but he insists that the procedural statute must yield to his superior constitutional right. 
"In all criminal prosecutions the accused . . . shall have the right of being heard by himself." Tex. Const. art.
I, § 10. "The Court shall allow testimony to be introduced at any time before the argument of a cause is
concluded, if it appears that it is necessary to a due administration of justice." Tex. Code Crim. Proc. Ann.
art. 36.02 (West 1981).

 After counsel's closing argument to the jury, the record reflects the following:


THE COURT: Okay. Ladies and gentlemen, you'll now go with our bailiff and under the
direction of your Presiding Juror you shall consider your verdict. When you've reached
a verdict please notify the bailiff at the door of the jury room.


 I'll deliver the charge to you --


THE DEFENDANT: Excuse me, your Honor. Your Honor, excuse me for a minute. I
must testify --


THE COURT: Okay. Hold on just a minute. 


 Ladies and gentlemen, you'll now go with the bailiff into the jury room.


 And go ahead and take them.


THE COURT: Would you tell them not to begin their deliberations?

DEPUTY: Yes, sir.


THE COURT: Tell them to hold on, we're in a recess.


 Okay. I'm sorry that I interrupted. Was there something, some type of
a problem?


THE DEFENDANT: Yes, sir, Mr. Morris. I would like to, I would want to be cross
examined by the State and in exchange for testimony on the stand in this case because I
have nothing, no reason to hide anything in this case since it was not an Aggravated Assault
and that seems to be the question here, sir.


THE COURT: Are you making any motions, Mr. [Defense Counsel]?


[DEFENSE COUNSEL]: Your Honor, I have reviewed with Mr. Holden previous to
the beginning of this court the prior felony convictions Mr. Holden has. I believe they're
noted in the remaining portion of the indictment. I have advised Mr. Holden that if he
testifies that those prior felony allegations will be questioned and that my counsel to him is
that he should not testify, not expose himself and be cross examined by the Defense -- by
the State, and I still counsel to Mr. Holden that he not testify.


THE COURT: Okay. Are you making any motions now?


[DEFENSE COUNSEL]: I certainly am not making any motion that Mr. Holden be
allowed to testify, your Honor, and give up his constitutional right against self-incrimination.


THE COURT: Very well then, we will -- the jury will continue or begin their deliberations
and court will be in recess while the jury is deliberating.


 Would you hand the Charge to the jury and tell them to begin their
deliberations?


 We're in recess.



 The Texas Constitution grants a defendant the right to testify in his own defense; Article
36.02 provides a reasonable time in which a defendant must exercise that right. There is no conflict
between the constitutional provision and the procedural statute. In the instant case, appellant did not timely
exercise his constitutional right to testify; therefore, he waived that right at the time of trial. Even
constitutional errors may be waived. See Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1980); Skillern v. State, 890 S.W.2d
849, 880 (Tex. App.--Austin 1994, pet. ref'd). Moreover, when appellant made his untimely request to
testify, he did not move to reopen and there was no offer of testimony for a bill of exception. Nothing was
preserved for appellate review. See Tex. R. App. P. 33.1; Tex. R. Evid. 103. Defense counsel stated a
valid reason why he had advised appellant not to testify. The trial court did not abuse its discretion in
refusing to grant the motion for new trial. Appellant's second point of error is overruled.

 The trial court's judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Aboussie and Dally*

Affirmed

Filed: August 31, 1998

Do Not Publish






* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



Regular">THE COURT: Tell them to hold on, we're in a recess.


 Okay. I'm sorry that I interrupted. Was there something, some type of
a problem?


THE DEFENDANT: Yes, sir, Mr. Morris. I would like to, I would want to be cross
examined by the State and in exchange for testimony on the stand in this case because I
have nothing, no reason to hide anything in this case since it was not an Aggravated Assault
and that seems to be the question here, sir.


THE COURT: Are you making any motions, Mr. [Defense Counsel]?


[DEFENSE COUNSEL]: Your Honor, I have reviewed with Mr. Holden previous to
the beginning of this court the prior felony convictions Mr. Holden has. I believe they're
noted in the remaining portion of the indictment. I have advised Mr. Holden that if he
testifies that those prior felony allegations will be questioned and that my counsel to him is
that he should not testify, not expose himself and be cross examined by the Defense -- by
the State, and I still counsel to Mr. Holden that he not testify.


THE COURT: Okay. Are you making any motions now?


[DEFENSE COUNSEL]: I certainly am not making any motion that Mr. Holden be
allowed to testify, your Honor, and give up his constitutional right against self-incrimination.


THE COURT: Very well then, we will -- the jury will continue or begin their deliberations
and court will be in recess while the jury is deliberating.


 Would you hand the Charge to the jury and tell them to begin their
deliberations?


 We're in recess.