JACK LLOYD V. THE STATE.

No. 23694. Delivered June 18, 1947.
Rehearing Denied (Without Written Opinion) October 15, 1947.

*Wm. Yelderman,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of aggravated assault and his punishment was assessed at confinement in the county jail for a period of one month.

The record reflects that appellant had some land leased which was located beyond that owned by Everett Looney and Ed Clark. There was a road which led from the Austin-Bee Cave road through the Rob Roy premises of which the Looney and Clark land was a part. This road extended through and beyond the Looney and Clark land to the river and across the river. There was evidence that this road had been used by the people owning land beyond the Looney and Clark property since the year 1900, and by the public generally; that the County of Travis recognized it as a public road, carried it on its county map as such, and had it worked and repaired. On the 29th day of June, 1946, when appellant was on his way to his leased premises, he found the gate across said road leading through the Looney-Clark property locked and he could not get to his premises so he cut the link in the chain through which the lock was fastened and drove through to his premises. When he returned, about an hour or an hour and a half later, he found that the gate had been locked again. He undertook to cut the chain again, for the purpose of getting out, but while he was endeavoring to do so

Mr. Looney, his son-in-law Mr. James, and a Mr. Harbeson, came to the gate in Mr. Looney's automobile, and drove it between the gate and appellant's car. Mr. Looney and his son-in-law got out of their car and walked up to the left-hand side of appellant's car. Appellant asked them if they were going to let him out, to which they replied, "No." Appellant then undertook to get out of his car but Mr. Looney and his son-in-law braced themselves against the door to confine him in the car, whereupon appellant reached for a 22 caliber rifle which he had in the car. He then pried the door open with his knees; got out of his car; lined all the parties up and, according to the State's evidence, pointed his rifle at James and fired. Appellant's version of the occurrence was that after he had forced the door of his automobile open and started to get out of the car with his rifle, Mr. James grabbed the barrel of the rifle and in the tussle over the gun it was discharged. Appellant then made them give him the key to the lock on the gate, as well as the key to their automobile. He then drove their car out of his way, unlocked the gate and drove through. He took charge of them and made them walk down a hill some distance. He drove to the City of Austin where he surrendered the keys to a deputy sheriff and told him what had occurred.

Appellant complains of the action of the trial court in declining to give his special requested charge or incorporate one of like import in his main charge.

The requested charge, after defining what constituted a public road, in effect instructed the jury that if they believed from the evidence that the road upon which the alleged assault occurred was a public road as such road is above defined, and that said Jack Lloyd was rightfully upon said road, and that the person upon whom the alleged assault was committed, if it was committed, was unlawfully attempting to prevent the defendant from using said road, and they further found that the said Jack Lloyd did not use greater force than was necessary to maintain his right to use said road, then and in that event they should acquit him.

We observe that the court gave the jury an instruction on appellant's right of self-defense and the right to extricate himself from his adversaries, if they were unlawfully detaining him. We are unable to see where the appellant was entitled to a charge on self-defense, and certainly he was not entitled to the charge requested. Civil litigation cannot be determined in a criminal procedure such as the one before us. Conceding that

the facts are such as to entitle the appellant to free passage through the Looney and Clark land, and that Mr. Looney was wrongfully preventing him from doing so, we find no evidence in the case which would authorize the submission of the requested issue. Appellant's right in the matter should have been submitted to the proper court in a civil procedure. He had no right to commit an assault on either of the parties by reason of the things detailed in his statement. He did not act to prevent danger to himself or to his property. It was merely to regain a right which had been taken from him. See Articles 1224, 1226 and 1227, Vernon's Ann. P. C., and particular cases discussed under note 2 of Article 1227.

Bills of Exception Nos. 2 and 3 relate to the same matter and will be disposed of together. It appears from these bills that the county attorney on cross-examination of appellant inquired of him if it was not true that within the past six months his, appellant's, wife had filed a complaint against him in the County Court at Law for an aggravated assault on her. To this appellant objected for various reasons stated in the bill. The court overruled the objection and appellant was required to answer that she did do so. This was permissible since it involved moral turpitude. See Stewart v. State, 272 S. W. 202. In view of the cases herein referred to, appellant's bills of exception Nos. 2 and 3 are overruled.

Finding no error, the judgment of the trial court is affirmed.