A. J. HATFIELD V. STATE

No. 25386. November 7, 1951.

426

Hon. T. M. Gupton, Judge Presiding.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted by a jury which assessed his punishment at one year in the penitentiary on a charge of assault with intent to murder without malice.

Appellant lived in and conducted a beer joint in a building which he had rented from Mrs. Stringfellow. East of this building was a vacant lot which, it appears, he claimed as a part of the rented premises. Beyond that the injured party, Mr. B. A. Phillipi, resided and had so resided for several years. He claimed a right to use this property as a driveway under an agreement from Mrs. Stringfellow. A letter from her was introduced in evidence to support this claim.

Customers of appellant's place of business would drive onto this vacant property to park their cars. Phillipi objected to this and his objection had displeased appellant. The trouble which had been brewing for some time culminated in the shooting which is the basis of this prosecution.

Appellant had placed some concrete blocks on the premises in a manner to prevent its use by Phillipi, who expressed his disagreement by removing the blocks from the position in which they had been placed. While he was doing so appellant emerged from his building and shot his neighbor, inflicting injury to his legs and to his hands. The doctor testified that if these injuries had been inflicted in other places on his body they could easily have caused his death.

Appellant in his own behalf testified that he did not shoot to kill him, did not intend to do so, but merely intended to hurt him.

The record is before us with one complaint. This is based on an objection and exception to the court's charge and his refusal to grant a special requested charge, part of which reads

as follows: "If you believe from the evidence that defendant was in legal possession of the property immediately east of his place of business, and

"That B. A. Phillipi had invaded such property and was about to injure its use to defendant, then in such event defendant had the right to shoot the said B. A. Phillipi in order to prevent such trespass and injury, only in the event he had used every other effort in his power to repel such aggression."

We think the court properly refused to submit the issue requested. We call attention to the basis on which he asked the charge, to-wit: That "he had used every other effort in his power to repel such aggression."

The right to the charge is governed by Articles 1224 and 1227 Vernon's Ann. P. C. We fail to find any evidence in the case giving him a right to have this charge. There is no evidence that he used any other means or that he had no other means at his command. Apparently he did the shooting as his choice of available means. The right sought to be protected was a possessory right without any evidence to indicate that the property was being injured or that it would be. The dispute was over the right to use the property and there is no claim that it would be in any manner injured. See Lloyd v. State, 151 Tex. Cr. R. 43, 204 S.W. 2d 633, from which we quote: "Conceding that the facts are such as to entitle the appellant to free passage through the Looney and Clark land, and that Mr. Looney was wrongfully preventing him from doing so, we find no evidence in the case which would authorize the submission of the requested issue. Appellant's right in the matter should have been submitted to the proper court in a civil procedure. He had no right to commit an assault on either of the parties by reason of the things detailed in his statement. He did not act to prevent danger to himself or to his property. It was merely to regain a right which had been taken from him. See Articles 1224, 1226 and 1227, Vernon's Ann. P.C., and particularly cases discussed under note 2 of Article 1227."

The judgment of the trial court is affirmed.