Affirmed and Opinion filed November 29, 2005









Affirmed
and Opinion filed November 29, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00474-CR

____________

 

ANDRES FELIPE
GOMEZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th
District Court

Harris County, Texas

Trial Court Cause No. 963,222

 



 

O P I N I O N

A jury convicted appellant, Andres Felipe
Gomez, of intoxication manslaughter and the court found an enhancement
allegation to be true.  Appellant was
sentenced to thirteen years in prison and fined $10,000.  On appeal, he raises two points of error: (1)
that the use of certain evidence related to a domestic assault violates the
Equal Protection Clause of the United States Constitution; and (2) the evidence
was factually insufficient to support his conviction.  We affirm.








Factual Background

On July 21, 2002 at approximately 3:54
a.m., appellant, his wife Cynthia, and brother Humberto were traveling in
Cynthia=s green
Mustang.  Appellant was driving and
attempted to make a left turn from the neutral lane across three lanes of
traffic into a Whataburger.  While appellant
was turning, a red BMW traveling between fifty and sixty[1]
miles per hour broadsided the Mustang. 
Cynthia Gomez, complainant, died at the scene of the accident.

Appellant, complainant and Humberto had
spent several hours at a Colombian celebration where all had been
drinking.  Appellant=s testimony
indicated he had four to five beers at the party, and another alcoholic drink
called aqua diente while driving.  A
toxicologist, relying on a blood test conducted more than an hour after the
accident, indicated appellant=s blood alcohol
content at the time of the accident was between .093 and .109Cwell over the
legal limit of .08.  Despite his
intoxication, appellant drove from the party. 


The three in the Mustang originally
stopped at another fast food restaurant, which was closed.  They then drove to the Whataburger, where the
accident took place.  There was
conflicting testimony regarding what speed the BMW was traveling and whether or
not the BMW may have run a red light. 
Additionally, appellant=s testimony
conflicted with that of other witnesses stating appellant did not utilize a
window of approximately fifteen seconds to make a safe left-hand turn when all
lanes were clear.  Appellant claimed he
was waiting on a vehicle entering the roadway, whereas others testified
appellant sat in the neutral lane for more than fifteen seconds when it was
perfectly safe to make the turn.  All
agree that appellant did not make a safe turn and that, as a result, his wife
died.








Following the accident, appellant exited
the vehicle and expressed his unhappiness over the damage to the Mustang.  Only later did he appear to show any concern
for his wife=s condition.  His wife died at the scene.  Appellant, his brother and the driver of the
BMW were taken for medical care, although none of them appear to have suffered
serious injuries.  The driver of the BMW
had traces of marijuana, cocaine, and alcohol in his system.  However, he was not legally drunk and there
was no indication he had used marijuana or cocaine the day of the accident.

A grand jury indicted appellant for
intoxication manslaughter on September 29, 2003, enhanced with one felony
conviction.  The jury found appellant
guilty of intoxication manslaughter and the court found the enhancement
paragraph true.  Appellant timely filed
notice of appeal to this Court.

Analysis

I.        Equal
Protection

In his first point of error, appellant
argues that admitting evidence of a misdemeanor conviction for assault against
a woman violates his rights under the Fourteenth Amendment to the United States
Constitution.  The court admitted the
evidence to attack appellant=s credibility
because it is a crime of moral turpitude under our law.  See Mendez v. State, No.
14-04-00024-CR, 2005 WL 1089408, at *4 (Tex. App.CHouston [14th
Dist.] May 10, 2005, no pet.) (not designated for publication) (citing Lloyd
v. State, 151 Tex. Crim. 43, 204 S.W.2d 633, 634 (1947); Stewart v.
State, 100 Tex. Crim. 566, 272 S.W.2d 202, 203 (1925)).  However, misdemeanor convictions for assaults
against a manCwhether committed by a woman or another manCare not considered
crimes of moral turpitude.  Thus, the
argument goes, it violates principles of Equal Protection to treat differently
crimes against women and against men.  








Appellant raises this Equal Protection
challenge for the first time on appeal. 
Even constitutional arguments may be waived, unless they fit into one of
two narrowly defined categories: (1) rights that are waivable only; or (2)
denials of absolute systemic requirements. 
Id. at 889.  Neither
applies in this case.  Introduction of
evidence that may violate principles of Equal Protection is not a right that is
waivable only.  Saldano v. State,
70 S.W.3d 873, 887 (Tex. Crim. App. 2002) (en banc) (citations omitted).  Neither does admitting that evidence
represent the denial of an absolute systemic requirement.  Id. 
Because appellant=s challenge does not fit into either of
the two narrow categories, it was waived when not raised at trial.  As such, we do not address it and we overrule
appellant=s first point of error.

II.       Factual
Sufficiency

Appellant=s second point of
error raises a factual sufficiency challenge. 
We employ familiar standards of review to analyze appellant=s challenge:
reviewing all of the evidence to determine whether the jury was Arationally
justified in finding guilt beyond a reasonable doubt.@  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  We view the
evidence in a neutral light, without the prism of the light most favorable to
the verdict.  Id. at 481.  The evidence may be factually insufficient in
two ways: (1) though legally sufficient, it may be too weak to support a
finding of guilt beyond a reasonable doubt; and (2) when balanced against the
evidence supporting the verdict, the contrary evidence may be so strong that the
beyond-a-reasonable-doubt standard could not have been met.  Id. at 484B85.  As an appellate court, we defer to the jury=s role as
factfinder, particularly in areas of witness credibility, demeanor, and the
weight to be given conflicting testimony. 
Id. at 481.

Section 49.08 of the Texas Penal Code
provides that a person is guilty of intoxication manslaughter when he (1) operates
a motor vehicle . . . (2) is intoxicated and (3) by reason of that intoxication
causes the death of another by accident or mistake.[2]  Tex.
Pen. Code ' 49.05. 
The State had to prove each of these elements beyond a reasonable
doubt.  We have reviewed the entire
record and hold that the evidence is factually sufficient to support the jury=s verdict.








Appellant=s challenge raises
several arguments attempting to show that appellant not cause the death.  Specifically, appellant argues that while he
certainly operated a motor vehicle while intoxicated, the driver of the BMW,
Jose Cantu, caused complainant=s death.  In reality, appellant asks us to replace the
jury and re-weigh the evidence anew in order to reach a different result.  That we cannot do.  The jury heard ample expert testimony
indicating that, regardless of Mr. Cantu=s
possibly-impaired condition and excessive speed, appellant=s left turn made
the accident and death inevitable.  Thus,
even had Mr. Cantu been a perfect driver, which he certainly was not, Cynthia
Gomez would still be dead because of appellant=s poor decision.

Experts testified that no driver
approaching appellant=s car would have had time to react
adequately, even if traveling the speed limit. 
A driver at night requires three seconds to realize danger and react to
it.  In this case, given the distances
involved, even had Mr. Cantu been driving the speed limit, he would have had
time to recognize danger within only two feet of colliding with appellant.
Experts further testified that Mr. Cantu=s car would not
have had time in those two feet of distance to slow enough to prevent
death.  Simply put, even in ideal
circumstances, appellant would have caused his wife=s death by not
yielding the right of way.  The turn was
not safe.  








The other, but related, line of argument
centers on whether appellant made a mistake anyone would have made.  This line of argument centers not on Mr.
Cantu=s poor driving,
but on whether being intoxicated impaired appellant=s judgment.  Appellant argues that any driver might have
made the same decision to turn whether sober or not.  The jury heard expert testimony on the
effects of alcohol not only on physical ability, but also on mental ability to
judge distance, speed, and exercise proper judgment.  The testimony indicated that an intoxicated
person would likely make incorrect determinations regarding distance and speed
of an oncoming vehicle.  Testimony
further indicated that an intoxicated driver was more likely to exercise poor
judgment.  Appellant did not refute the
experts= opinions.  The jury was free to rely on the expert
testimony and conclude, especially without any contrary testimony, that
appellant=s intoxication did cause him to make a
turn he would not have attempted otherwiseCa turn that caused
his wife=s death.

On appeal, appellant simply offers example
of evidence he believes would have made the State=s case
stronger.  He does not, however, explain
what contrary evidence there is to make the verdict manifestly unjust and
wrong.  After reviewing the entire
record, we hold the verdict is wholly supported by the record and factually
sufficient.  We overrule appellant=s second point of
error.

Conclusion

Each of appellant=s points of error
is overruled and we affirm the judgment of the trial court.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed November 29, 2005.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The jury heard
testimony from several witnesses placing the BMW=s speed
between fifty and ninety miles per hour. 
However, expert testimony placed the speed between fifty and sixty miles
per hour.  The posted speed limit on that
roadway, F.M. 1960, is forty-five miles per hour.  All testimony indicated the BMW was exceeding
the speed limit.  In any event, the actual
speed is unimportant given the expert testimony that the accident was
inevitable at any of the speeds, and death was likely at any of the speeds as
well.





[2]  The statute
does not list these as three separate elements, but because appellant
challenges only causation, we identify separately each element the state must
prove.